**In re James R. TALBERT, Joye T. Talbert, Debtors.**

**Bankruptcy No. 581–00567–S.**

United States Bankruptcy Court, W. D. Louisiana.

Nov. 23, 1981.

Chatham H. Reed, Shreveport, La., for trustee.

James M. Johnson, Minden, La., for debtors.

LeROY SMALLENBERGER, Bankruptcy Judge.

## STATEMENT OF THE CASE

A hearing was held on the trustee's objection to the debtors claimed exemptions on July 6, 1981. Gene Howard, trustee was represented by Chatham H. Reed, and the debtors were represented by James M. Johnson.

## FINDINGS OF FACT

In December, 1975, James R. Talbert, debtor herein, established an Individual Retirement Account pursuant to 26 U.S.C. Section 401, et seq. Deposits were made by Mr. Talbert for that year and subsequent years to qualify for a deduction from gross income on his income tax returns. On May 13, 1981, Mr. Talbert and his wife filed a voluntary petition in bankruptcy. The debtors have claimed that the funds set aside in their Individual Retirement Account are exempt under the provisions of Louisiana Revised Statute 20:33.

## CONCLUSIONS OF LAW

The commencement of a bankruptcy case creates an estate, which under 11 U.S.C. Section 541(a)(1), is comprised of all legal or equitable interest of the debtor in property wherever located. Section 542(a) requires anyone holding property of the estate on the date of filing the petition to deliver it to the trustee, unless such entity is holding property that the debtor may exempt under Section 522. Louisiana has elected to have its own exemptions apply in bankruptcy cases rather than those exemptions contained in Section 522. Therefore, Mr. Talbert's claim of exemption can only be granted if it falls under the protection of some state provision. The state exemption claimed by Mr. Talbert is found in L.R.S. 20:33, which provides:

Section 33. Pension, annuity, and gratuity payment by employers.

The following shall be exempt from all liability for any debt except alimony and child support:

(1) All pensions and all proceeds of any payments under annuity policies and plans.

(2) All gratuitous payments made by employers to their employees or former employees, or to the widow, or heirs, or beneficiaries of their employees or former employees, whether such payments are made in consideration of the length of service rendered by the employee, his age, death, or otherwise.

The issue to be decided in this case is whether the funds collected in the I.R.A. constitute "pension" or "proceeds of and payments under annuity policies or plans." There are no Louisiana decisions regarding the issue, and there is no legislative history indicating their intent in passing this exemption, but this Court finds the standard definitions of "pensions" and "annuities" to be enlightening.

"A pension is a periodical allowance of money granted by the government in consideration or recognition of meritorious past services, or of loss or injury sustained in the public service ... the term 'pension' is frequently, particularly in recent years used in the broad sense of retirement pay or compensation in which it may partake of the nature of a contractual right rather than of a gratuity ..." 70 C.J.S. Pensions, Section 1.

"An annuity is frequently defined as a yearly payment of a certain sum of money granted to another in fee for life or for years, and chargeable only on the person of the grantor; or more briefly, as an agreement to pay a specified sum annually during the life of the annuitant ... In its broader sense it designates a fixed sum, granted or bequeathed, payable periodically, at aliquot parts of a year, at stated intervals, and not necessarily annually." 3A C.J.S. Annuities Section 2.

Louisiana jurisprudence has cited this definition of annuity with approval in at least one case. *In Succession of Rabouin*, 9 So.2d 529, at 531, 201 La. 227, the Court stated that an annuity is "an agreement to pay specified sum to the annuitant annually during his life."

In light of these definitions several distinctions can be seen between what was presumably intended to be exempt and the Individual Retirement Account set up by the Talberts.

First, the I.R.A. can be distinguished because of its designation as an account, rather than a plan or policy. There is no question but that an ordinary passbook savings account is not exempt under Louisiana law. The fact that Congress has created certain tax benefits for a savings account designated for retirement does not change the actual characteristics of this savings account. The debtor himself elected a specific type of "savings account" in the Investment Direction form. The form signed by the debtor states, "I hereby designate the following type savings account at People's Homestead and Savings Association for the investment of my contributions to the Individual Retirement Account dated December 22, 1975." Following this statement the debtor designated the Six Year Passbook Certificate as the type of account he chose. Had the debtor intended to establish an annuity, he could have purchased an annuity with special tax treatment. The very next subsection of Section 408 provides for the same tax benefits for individual retirement *annuities*.

Second, both the annuity and the pension contemplate periodic payments at some future date. Although the Individual Retirement Account could be paid out in periodic payments, according to Article IV of Form 5305–A the balance may be distributed in a single sum payment, whichever method the depositor should desire. In *In re Nunnally*, (5th Cir. 1975), 506 F.2d 1024, 1026, the Court concluded that the Trustee had no claim to the benefits as they constituted "periodic payments (to be) made during a time when the pensioner may well have no or few other sources of income." There is no evidence that Mr. Talbert will have no other source of income at a time when he may choose to collect on his Individual Retirement Account, and as the funds may be received in one lump payment the *Nunnally* case is not controlling.

Third, the I.R.A. can be distinguished due to the amount of control the depositor has over the funds. According to Article 9.7 of the agreement, the account could be revoked at any time, subject only to the penalty provided in the Internal Revenue Code. The debtor has not irrevocably agreed to receive an annuity or pension, and once he reaches the age of 59½ he could withdraw the balance in a single lump sum payment, without a penalty. In a similar Oregon case, *In Re Buddy Eugene Mace*, 4 B.C.D. 94 (D.Or.1978), the Oregon court denied exemption for an Individual Retirement Account under a state statute exempting virtually all pensions. The Court noted that, "there is no guarantee that funds deposited in an I.R.A. will be retained until retirement."

Fourth, both the pension and the annuity contemplate a contractual arrangement between an employer and an employee rather than this arrangement between the depositor and the depositary. With the I.R.A. the depositary is merely the agent of the depositor, and is subject to his direction rather than possessing an equal bargaining position that is contemplated in both the annuity and the pension.

In conclusion, public policy dictates that such an account not be held exempt. The Court agrees with the Trustee's argument that to allow a debtor to exempt this property would give him a license to convert non-exempt cash to an exempt savings account on the eve of bankruptcy, such account being revocable at his discretion. After bankruptcy the money could be withdrawn with a negligible penalty of 10%.

The exemption claimed by the debtor on the funds by the Peoples Homestead and Savings Association, Individual Retirement Account Number 8000178, is hereby denied.