In re Donald Wayne SHACKELFORD and Joyce Ann Shackelford, Debtors.

Stephen G. BASS, Trustee, Plaintiff,

v.

Donald Wayne SHACKELFORD and Joyce Ann Shackelford, Defendants.

Bankruptcy No. 682–00357–D.
Adv. No. 682–0416.

United States Bankruptcy Court,
W.D. Virginia,
Danville Division.

Feb. 3, 1983.

Stephen G. Bass, trustee, plaintiff.

Randy W. Sinclair, Danville, Va., for debtors.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

The sole issue before the Court is whether a Debtor may claim as exempt funds deposited in an Individual Retirement Account insofar as the value of the exempted funds exceeds the amount permitted under the Virginia Homestead Exemption.

On April 28, 1982, the Debtors filed their voluntary joint petition in bankruptcy under Chapter 7 of the Bankruptcy Code. At that time the Debtors were owners of two Individual Retirement Accounts (hereafter I.R.A.'s) which had a combined cash value of $3,331.25. The Debtors have not listed the I.R.A.'s among the exempt property shown on Schedule B–4 filed with their petition. The Debtors have instead claimed the funds deposited in the I.R.A.'s as exempt property under applicable federal law. The Trustee has filed an objection to the allowance of the Debtor's claimed exemption and requests that the property be subjected to his control.

Section 522(b) of the Bankruptcy Code entitled a debtor to choose the exemptions enumerated in subsection (d) of § 522, or to choose the exemptions provided for by Federal nonbankruptcy law and State and local law which is applicable. The same statute also gives each state the option of limiting the debtor's choice. The Virginia Legislature responded to the availability of this option by enacting § 34–3.1 of the Code of Virginia which opts Virginia out of the federal exemptions and in effect permits Virginia debtors to claim only the exemptions provided by State law and applicable Federal nonbankruptcy law. Since the Debtors in the case at bar have exhausted the exemptions permitted them under State law, we must look to Federal nonbankruptcy law to determine the exempt status of the I.R.A. funds.

Section 541(a) of the Bankruptcy Code provides that the estate consists of all of the following property:

(1) Except as provided in subsections (b) and (C)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Subsection (c)(2) of § 541 provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The Debtors contend that the non-transferability clause in the contract serves to bring the Debtors benefits within the exception set forth in § 541(c)(2). The legislative history of § 541 states as follows:

Paragraph (2) of subsection (c), however, preserves restrictions on transfer of a spendthrift trust to the extent that the restriction if enforceable under applicable nonbankruptcy law. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 369, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6325.

Clearly an I.R.A. is not a spendthrift trust entitled to the protection afforded by § 541(c)(2). Although the contract may not be transferred, it may be revoked by the Debtor at any time, subject only to the penalty set forth in the Internal Revenue Code. It is clear from the evidence presented that the Debtors have substantial control over the funds deposited in the I.R.A. Unlike pensions, there is no guarantee that the funds deposited in an I.R.A. will be retained until retirement. To exempt these funds from the control of the Trustee would invite uneven administration of the bankruptcy laws. If exempt, I.R.A.'s could easily be misused by debtors attempting to keep money from creditors until it could be otherwise diverted. *In re Mace,* 4 B.C.D. 94, 95 (Bkrtcy.Or., 1978).

As Judge Smallenberger stated in a recent case factually similar to the case at bar:

[P]ublic policy dictates that such an I.R.A. account not be held exempt. The Court agrees with the Trustee's argument that to allow a debtor to exempt this property would give him a license to convert non-exempt cash to an exempt savings account on the eve of bankruptcy, such account being revokable at his dis-

cretion. After bankruptcy the money could be withdrawn with a negligible penalty of 10%. *In re Talbert,* 15 B.R. 536, 538 (Bkrtcy.W.D.La., 1981).

Since the I.R.A.'s involved in this proceeding are property which passed to the Trustee when the Debtors filed their joint petition in bankruptcy and since said Debtors have failed to prove it is protected by any exemption statute, it is hereby determined that the funds deposited in the I.R.A.'s are non-exempt property of the bankruptcy estate and are to be administered accordingly.