**In re Carter Bentley KITSON, Jr.**

**Bankruptcy No. 384–00587.**

United States Bankruptcy Court,
C.D. Illinois.

Oct. 5, 1984.

Alan D. Bourey, Decatur, Ill., for debtor.

Vernon H. Houchen, Decatur, Ill., Trustee.

BASIL H. COUTRAKON, Bankruptcy Judge.

Gentlemen:

This matter arises on the Petition of the Trustee to Require Debtor to Elect Exemptions and Turn Over Surplus. The dispute that the Court has been asked to resolve concerns whether or not all of the debtor's Individual Retirement Account (IRA), approximately $4,580.00, may be claimed as exempt under Ill.Rev.Stat.1983, ch. 110, par. 12–1001(g)(5).

The Illinois legislature, after "opting out" of the list of federal exemptions by Ill.Rev.Stat.1983, ch. 110, par. 12–1201, allowed a debtor to exempt his right to receive

... a payment under any pension plans or contracts, to the extent necessary for the support of the debtor and any dependents of the debtor, unless

(a) such payment is on account of age or length of service; and

(b) such plan or contract does not qualify under Sections 401(a), 403(a), 408 or 409 of the Internal Revenue Code; (Ill. Rev.Stat.1983 ch. 110, par. 12–1001(g)(5) ).

■ The particular language of the Illinois exemption should first be noted. The "payment" is what can be exempt, not the asset itself. Yet the debtor has claimed the entire asset as exempt. There is no provision in the Illinois law, as for example there is in the exemption statute of the State of Tennessee, for the exemption of the entire asset. See the discussion in *In re Clark*, 18 B.R. 824 (BC ED Tenn.1982). Also, see *Hovis v. Lowe*, 25 B.R. 86, 88 (BC SC 1982).

On the basis of the word "payment" alone the Court could hold against the debtors. Nevertheless, the Court considers an analysis of whether or not an IRA account qualifies as a "pension plan or contract" to be jurisprudentially more important for Illinois case law. The Court cannot find any Illinois Law or legislative history to give guidance on IRA's. The case tendered by the debtor, *In re Kochell*, 732 F.2d 564 (7th Cir.1984), does not help this Court determine the nature of an IRA. Whether or not a fund is reasonably necessary for support, it first must qualify as a pension.

Other states have not treated an IRA account as a pension for the purposes of

their exemption statutes. The best arguments this Court has seen are found in *In re Talbert*, 15 B.R. 536 (BC WD La 1981). The Louisiana statute is fairly similar to our Illinois exemption law on pension and annuity:

Section 33. Pension, annuity, and gratuity payment by employers.

The following shall be exempt from all liability for any debt except alimony and child support:

(1) All pensions and all proceeds of any payments under annuity policies and plans.

(2) All gratuitous payments made by employers to their employees or former employees, or to the widow, or heirs, or beneficiaries of their employees or former employees, whether such payments are made in consideration of the length of service rendered by the employee, his age, death or otherwise. *Talbert* at 536.

The Court in *Talbert* set forth four distinctions between pension or annuities and standard IRA's. Those distinctions were adopted and concisely summarized in *In re Peeler*, 37 B.R. 517 (BC MD Tenn.1984):

(1) an IRA is a savings account with tax benefits and gratuitous contributions by the debtor rather than a plan or policy provided by an employer or other party; (2) annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum; (3) the depositor/debtor has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability; and (4) an IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party.

These characteristics of an IRA, that allow the debtor/contributor control over funding and lump sum withdrawal, have been important in deciding against the exemption of IRA's in other states as well. *Roemelmeyer v. Gefen*, 35 B.R. 368 (BC SD Fl 1984); *In re Howerton*, 21 B.R. 621

(BC ND Tex 1982); *Hovis v. Lowe*, 25 B.R. 86 (BC SC 1982).

The very ability to move money into an IRA account on the eve of bankruptcy, claim it as exempt, then remove it after bankruptcy has been noted as contrary to public policy. *Talbert* at 538. Indeed, this Court has clearly decided against the ability to move assets from non-exempt to exempt property on the eve of bankruptcy. *In re Wallace*, 30 B.R. 5 (BC CD Ill 1983).

Thus, this Court holds that the debtor's Individual Retirement Account does not qualify as exempt under Ill.Rev.Stat.1983, ch. 110, par. 12–1001(g)(5). The trustee will submit an Order directing the debtor to elect to receive such personal property as shown by the debtor's schedules as amended to the total value of $2,000.00 and to turn over the balance to the trustee.