In re Richard Paul WILSON and
Imogene Belle Wilson, Debtors.

In re Richard Paul WILSON and
Imogene Belle Wilson, Debtors.

Robert J. BLACKWELL,
Trustee, Plaintiff,

v.

HERITAGE HOUSE RESTAURANTS,
INC., and Richard Paul Wilson,
Defendants.

Bankruptcy No. 83–01949(3).
Adv. No. 85–0161(3).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Nov. 8, 1985.

Robert J. Blackwell, Interim Trustee, St. Louis, Mo., A. Thomas DeWoskin, Clayton, Mo., for debtors.

Richard Paul Wilson, Imogene Belle Wilson, debtors, pro se.

John L. Swartz, Springfield, Ill., for Heritage House.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

At Saint Louis, in this District, this 8th day of November, 1985.

The trustee has filed an objection to the Debtors' Amended Claim of Exempt Property. In a related proceeding, the trustee has also filed an adversary complaint to recover the sum of $6,843.18 which represents the Debtors' vested interest in a pension plan funded by his former employer. Evidence and testimony were presented at a consolidated hearing on September 12, 1985, and the matter was submitted to the Court upon the record.

The voluntary joint petition under Chapter 7 was filed in this case on November 14, 1983. At that time, the Debtors were residents of Sangamon County, Illinois, and consequently their exemptions were claimed under the Revised Statutes of Illinois. The original claim for exemptions filed with the joint petition did not include the pension plan interest which is the subject of this proceeding; and the Debtors' original schedules and statements did not list or otherwise announce the existence of the pension plan.

On May 13, 1985, the Debtors filed an amendment to their Schedules B–2 and B–4 describing the interest in the pension plan, and claiming it as exempt pursuant to "Chapter 110, Paragraph 12–101(g)(5), Ill. Rev.Stat." [1] The trustee filed an objection to the amended claim on May 23, 1985 stating that the amount claimed ($6,800.00) is not reasonably necessary for the Debtors' support, that he had made a demand for turnover of the pension monies before the Debtors filed their amended claim of exemption, and that the Debtors' reliance on Illinois law was improper.

In their response at trial and in a letter received by the Court on September 27, 1985 the Debtors stated that the pension plan monies are a payment which is necessary for their support and, therefore, exempt under Illinois law.

Richard Wilson, the Debtor, testified that his employment with Heritage House Restaurants, Inc. had been terminated about six months prior to the filing of this Bankruptcy case. The parties do not disagree with the conclusion that as a result of his termination, Mr. Wilson held a vested interest in the pension plan.[2] Therefore, on November 14, 1983 when the Bankruptcy case was commenced, the Debtors' vested interest became property of the estate subject to any existing lien claims or valid claims of exemption.[3]

---

**1.** At the consolidated hearing in this matter, the Debtors submitted a machine copy of the Illinois statute. The correct paragraph number is 12–1001, which reads as follows:

.... (5) a payment under any pension plans contracts, to the extent necessary for the support of the debtor and any dependent of the debtor, unless

(A) such payment is on account of age or length of service; and

(B) such plan or contract does not qualify under Sections 401(a), 403(b), 408 or 409 of the Internal Revenue Code; ....

**2.** The plan was funded entirely by the employer's contributions during the Debtor's five-year employment.

**3.** Section 541 of Title 11 reads in pertinent part as follows:

§ 541. Property of the estate.

(a) The commencement of a case under section 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

Neither party has located an opinion of an Illinois court which specifically addresses the question presented here. Therefore, it is not inappropriate to consider the reasoning of other Courts which have examined laws similar to paragraph 12–1001 of the Illinois Statutes.

In a consideration of the Federal Bankruptcy exemption statute,[4] the Court of Appeals for the Seventh Circuit has held that a determination that funds are reasonably necessary for support is a factual determination; and that Bankruptcy Courts generally look to all the circumstances in determining whether there is a present or tangible future need for the pension funds. *In the matter of Richard L. Kochell,* 732 F.2d 564, 11 B.C.D. 1174 (7th Cir., 1984).

In a similar consideration of the same Federal exemption statute, the Bankruptcy Court for the District of Minnesota determined that although a debtor's interest in a profit sharing plan was not exempt, his *right to receive payments* under a pension plan was exempt, notwithstanding the additional benefits which would accrue as the debtor continued to work. *In re Miller,* 33 B.R. 549, 11 B.C.D. 85 (Bkrtcy.D.Minn., 1983).

In the present case, the Debtor has testified from memory that his current net monthly income is about $2,600.00, and that the monthly expenses for he and his wife and their nine-year old son are approximately $2,350.00. He also stated that his family did not anticipate any large medical bills that would not be covered by insurance. At the time of this hearing, Mr. Wilson was 53 years old and his wife was 52 years old. Mr. Wilson had testified that the family has resided in Tempe, Arizona since shortly after the Bankruptcy was filed. He stated that he did not hold a vested interest in any pension plan with his present employer. His Bankruptcy schedules include a claim of joint exemptions in the amount of $15,000.00 in a contract for deed for certain real property, joint exemptions in the amount of $2,400.00 in a motor vehicle and a riding mower, and exemptions in the amount of $4,000.00 in a non-bankruptcy lawsuit based on certain promissory notes.[5]

As an initial determination, this Court finds and concludes that the Illinois statute being considered here is intended to exempt a payment or payments under a pension plan.

The "payment" is what can be exempt, not the asset itself. Yet the debtor has claimed the entire assets as exempt. There is no provision in the Illinois law . . . . for the exemption of the entire asset. *In re Kitson,* 43 B.R. 589, (Bkrtcy. C.D.Ill., 1984).

In the instant case, the Debtors are not attempting to exempt a payment or a stream of payments under a pension plan. Rather, they are attempting to exempt their entire asset which is to be paid in a

---

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor is property as of the commencement of the case.

**4.** 11 U.S.C. § 522(d)(10) states in pertinent part that:
(10) The debtor's right to receive—
(A) a social security benefit, unemployment compensation, or a local public assistance benefit;
(B) a veterans' benefit;
(C) a disability, illness, or unemployment benefit;
(D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
(E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
(ii) such payment is on account of age or length of service; and
(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(b), 408 or 409.).

**5.** On August 5, 1985, the trustee reported that the lawsuit may produce value for the estate. At the time of this hearing, however, the matter apparently was not resolved.

lump sum. Neither the Federal law at Section 522(d)(10) nor the Illinois statute at Paragraph 12–1001 is intended to permit a debtor to exempt his entire interest in a lump sum distribution from a pension plan. Under the Illinois law, a payment under a pension plan is exempt only to the extent necessary for the support of the debtor and any dependents of the debtor.

The head of the Debtors' household is gainfully employed in a field in which he has considerable experience. His net income is substantial in comparison to most post-petition Chapter 7 debtors in this District. The joint Debtors' household enjoys a moderate amount of uncommitted income after expenses each month, and no serious illness threatens to disrupt their fresh start. In summary, there is nothing in this record which suggests that the Debtors' financial situation will not improve after this case is closed.

Therefore, none of the lump sum payment under this pension plan is necessary for the Debtors' support or the support of any dependents of the Debtors. By separate order, the trustee's objection to the claim of exemption is sustained, and the trustee's complaint for turnover is granted.