**In re Karen Sue SUMMERS, Debtor.**

**Bankruptcy No. BK–89–50298.**

United States Bankruptcy Court,
S.D. Illinois.

Dec. 14, 1989.

John B. Raffaelle, Collinsville, Ill., for debtor.

Kevin Hoerner, Belleville, Ill., for C. Hohman.

1. Ill.Rev.Stat. ch. 110, para. 12–1001(g)(5)

MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Karen Sue Summers (debtor) filed for protection under chapter 7 of the Bankruptcy Code on May 22, 1989. Debtor scheduled and claimed her entire interest of $12,-000.00 in the Hohman Enterprises, Inc. Profit Sharing Plan and Trust Agreement (pension plan) as exempt pursuant to Illinois law.[1] Both the chapter 7 trustee and Clinton Hohman, an unsecured creditor, objected to the exemption alleging that the pension plan did not qualify as exempt. This Court ruled on September 13, 1989, that the pension was not exempt, holding that paragraph 12–1001(g)(5) allowed a debtor to exempt a "payment or series of payments" but was inapplicable where a debtor sought to exempt her entire interest in the pension or a lump sum distribution.

The case is again before the Court on debtor's motion for reconsideration. Debtor argues that the Court erred in holding that the pension was not exempt without discussing whether the pension was necessary for the support of the debtor. At the hearing on the motion for reconsideration the debtor raised a second and more complicated issue regarding application of a newly enacted Illinois pension exemption statute. Both issues are currently before the Court.

### I. *Lump Sum Distributions*

Debtor argues that the Court erred in holding that lump sum distributions are not exempt pursuant to paragraph 12–1001(g)(5). The debtor states the Court must rule on the exemption on the basis of necessity.

Paragraph 12–1001(g)(5) provides in pertinent part:

The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:

(g) The debtor's right to receive:

(5) a *payment* under any pension plans or contracts, to the extent neces-

(1987).

sary for the support of the debtor and any dependent of the debtor ...

Ill.Rev.Stat. ch. 110, para. 12–1001(g)(5) (emphasis added).

Paragraph 12–1001(g)(5) sets forth a two prong test. First, there must be a payment, and if there is a qualified payment then the Court must determine to what extent the payment is necessary for the support of the debtor. Therefore, if the funds do not meet the threshold requirement of a payment, there is no need to go further and discuss necessity.

Two bankruptcy courts interpreting the Illinois exemption have held that paragraph 12–1001(g)(5) does not entitle a debtor to exempt his entire interest in an asset.[2] *In re Kitson*, 43 B.R. 589 (Bankr.C.D.Ill.1984) involved a situation where the debtor had claimed his entire interest in an IRA as exempt. The court stated that "the particular language of the Illinois exemption should first be noted," *Id.* at 589, and went on to say that a "payment" is what can be exempt, not the asset itself. *Id.* The court further stated that "there is no provision in the Illinois law ... for the exemption of the entire asset," and on the basis of the word payment alone the court could hold against the debtors. *Id.*

The Bankruptcy Court for the Eastern District of Missouri, applying Illinois law, has also dealt with exempting a lump sum under paragraph 12–1001(g)(5). *In re Wilson*, 54 B.R. 796 (Bankr.E.D.Mo.1985), stated that neither the Federal law at section 522(d)(10) nor the Illinois statute at paragraph 12–1001 is intended to permit a debtor to exempt his entire interest in a lump sum distribution from a pension plan. *Id.* at 799.

This Court finds *Kitson* and *Wilson* persuasive authority for holding that paragraph 12–1001(g)(5) was not intended to permit a debtor to exempt his entire interest in a pension plan. On review the Court has found no reason to change its prior ruling.

## II. *Application of the New Pension Exemption Statute*

On August 30, 1989, a new Illinois pension and retirement exemption statute became effective.[3] The new statute eliminated paragraph 12–1001(g)(5) and added paragraph 12–1006, which provides in relevant part:

*Exemption for retirement plans.*

(a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

(b) "Retirement plan" includes the following:

(1) a stock bonus, pension, profit sharing, annuity, or similar plan or arrangement, including a retirement plan for self-employed individuals or a simplified employee pension plan;

(2) ...

(3) ...

(4) ...

(c) A retirement plan that is (i) intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended, is conclusively presumed to be a spendthrift trust under the law of Illinois.

(d) *This section applies to interests in pension plans held by debtors subject to bankruptcy,* judicial, administrative or

---

2. Illinois is not the only jurisdiction to interpret "payment" to exclude exemptions of the debtor's entire interest in a pension. See *In re Innis*, 62 B.R. 659 (Bankr.S.D.Cal.1986).

3. Ill.Rev.Stat., ch. 110, para. 12–1006 (effective August 30, 1989).

other proceedings *pending on or filed after the effective date of this amendatory Act of 1989.*

Ill.Rev.Stat., ch. 110, para. 12–1006 (effective Aug. 30, 1989) (emphasis added).

All parties agree that if the new statute is applicable the debtor's pension plan is exempt. However, the parties disagree as to whether the statute is applicable to a case which was filed prior to the effective date of the new exemption statute. The disagreement stems from paragraph 12–1006(d), which provides the statute applies to pending cases.[4]

The debtor argues that her pension is exempt because paragraph 12–1006(d) provides the exemption "applies to bankruptcy ... proceedings pending on or filed after the effective date" and her case was pending on August 30, 1989, when the statute became effective. The counter argument raised is that although the language of the Illinois statute provides that it shall apply to pending bankruptcy cases, this language is in conflict with the Federal Bankruptcy Code. In order to determine if paragraph 12–1006 applies to a case which was filed prior to the statute's effective date the Court must resolve two issues: (1) what date must a court consult to determine a debtor's entitlement to exemptions; and (2) if exemptions are determined as of the petition date, can paragraph 12–1006 be enforced retroactively to that date.

The Federal Bankruptcy Code provides debtors with a choice regarding exemptions. The Code provides that debtors may choose between the federal or applicable state exemptions unless the state has "opted out" of the federal exemption scheme. Illinois has opted out and thus residents of that state are confined to Illinois exemptions. Ill.Rev.Stat., ch. 110, para. 12–1201 (1987).

■ Although the Bankruptcy Code provides an alternative to the federal exemptions, it sets forth a uniform date that courts must consult when determining whether the debtor is entitled to a claimed exemption, whether it be federal or state. Section 522(b)(2)(A) of the Bankruptcy Code provides that exempt property is "any property that is exempt under Federal law, ... *or state or local law that is applicable on the date of the filing of the petition* ..." 11 U.S.C. § 522(b)(2)(A) (emphasis added). Thus the language of the federal statute is clear that the exemption must be applicable on the date of the filing of the petition.[5]

In addition to the clear language of the Federal Bankruptcy Code, numerous courts have held that the debtor's available exemptions are determined at the time of the filing of the bankruptcy petition despite any modification or amendment to state exemption law post petition. *See In re Kincaid,* 96 B.R. 1014 (9th Cir. BAP 1989); *In re McKeag,* 104 B.R. 160 (Bankr.D.Minn. 1989); *In re Syrtveit,* 105 B.R. 599 (Bankr. D.Montana 1989); *In re Fill,* 84 B.R. 332 (Bankr.S.D.N.Y.1988); *In re Connally,* 94 B.R. 908 (Bankr.W.D.Tex.1989); *In re Krantz,* 97 B.R. 514 (Bankr.N.D.Iowa 1989). Therefore, the law to be applied in determining the debtor's exemptions in the present case is paragraph 12–1001(g)(5), the state law in effect on the petition date (May 22, 1989).

■ Alternatively, the debtor contends that it was the Legislature's intent that paragraph 12–1006 be given retroactive effect thus making it "applicable on the date of the filing of the petition" even though it was not enacted until after the petition was filed. Illinois law unequivocally provides that Illinois statutes should not be given retroactive effect without an express statutory provision stating the Act is to be retroactive. *See Mulligan v. Joliet Regional Port District,* 123 Ill.2d 303, 123 Ill.Dec. 489, 527 N.E.2d 1264 (1988); *Board of Trustees of Community College District No. 508 v. Burris,* 118 Ill.2d 465, 113 Ill. Dec. 937, 515 N.E.2d 1244 (1987); *In re Marriage of Semmler,* 107 Ill.2d 130, 89 Ill.Dec. 873, 481 N.E.2d 716 (1985); *Village*

---

4. This Court makes no ruling on the meaning of the word "pending" in reference to whether pending means any open case, or an open case in which the Court has not ruled on exemptions.

5. The prior Bankruptcy Reform Act of 1978 also required courts to apply applicable state law on the date of the filing of the petition. *See Matter of Zahn,* 605 F.2d 323 (7th Cir.1979); *Hollytex Carpet Mills,* 691 F.2d 392 (8th Cir.1982).

*of Wilsonville v. SCA Services, Inc.*, 86 Ill.2d 1, 55 Ill.Dec. 499, 426 N.E.2d 824 (1981). Furthermore, courts should not give a statute retroactive effect where there is no express language regarding retroactivity even though it is clear from the legislative history that the legislature expected the statute to be applied retroactively. *Marquette National Bank v. Loftus*, 117 Ill.App.3d 771, 73 Ill.Dec. 267, 268, 454 N.E.2d 11, 12 (1983).

In the present case neither the statute itself nor the legislative history make any reference to giving paragraph 12–1006 retroactive effect to the petition date. Thus, the statute cannot be interpreted as retroactive. Since the statute cannot be applied to pending cases or given retroactive effect, there is a direct conflict between the Federal Bankruptcy Code and the newly enacted Illinois Pension Exemption Statute regarding the date a debtor's entitlement to an exemption is determined.

It is fundamental under the Supremacy Clause of the United States Constitution that state laws will be invalidated to the extent they are inconsistent with or contrary to federal laws.[6] See *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). Article I, Section 8 of the U.S. Constitution authorizes Congress to establish uniform laws on the subject of bankruptcies throughout the United States. Therefore, where Congress has exercised its power in an area of bankruptcy, federal law is preemptive on that point.

While it is true that section 522(b) of the Bankruptcy Code expressly invites states to "pre-empt" federal legislation by enacting their own exemption scheme, it is equally true that 522(b)(2)(A) is preemptive regarding the point in time state exemptions are to be applied in a bankruptcy case. The Bankruptcy Code requires that a court determine what property is exempt pursuant to "state law applicable on the date of the filing of the petition."

Since this Court has found a direct conflict between federal and state law, state law must give way to the extent the statutes are in conflict. Therefore, the "pending on" language in paragraph 12–1006(d) is unconstitutional as having been preempted by federal statute, and will not be enforced.

 Whether an invalid portion of a statute is severable so the remainder of the statute may stand is a question of state law. *In re Locarno*, 23 B.R. 622 (Bankr.D. Maryland 1982). Under Illinois law the test of severability is whether what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected. *Commercial National Bank v. City of Chicago*, 89 Ill.2d 45, 59 Ill.Dec. 643, 656, 432 N.E.2d 227, 240 (1982). The effect of striking the words "pending on" makes the statute applicable to cases filed after the effective date. Thus, section (d) is complete without the "pending on" language and the remainder of paragraph 12–1006(d) may stand.

IT IS ORDERED that Karen Summers' motion for reconsideration is DENIED.

---

6. "This constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. Art. VI.