## CIRCUIT COURT OF THE CITY OF RICHMOND

Inland Property
Management, Inc.

v.

Rob R. McLallen

April 3, 1991

Case No. LS-4393-1

By JUDGE MELVIN R. HUGHES, JR.

Rob R. McLallen's Motion to Quash Garnishment Summons and Notice of Lien of Fieri Facias was argued on February 14, 1991, and taken under advisement.

This is a garnishment action wherein Inland Property Management, Inc. (Inland) is a judgment creditor seeking payment on a garnishment execution. Sovran Bank has answered that it holds an individual retirement account (I.R.A.) held in the name of Rob R. McLallen, the judgment debtor. McLallen claims the I.R.A. is exempt from creditor process under federal law and state law. The judgment creditor claims the I.R.A. is not exempt under federal law and state law.

Inland obtained the underlying judgment in the Northern District of the United States District Court in *Inland Property Management, Inc. v. Rob R. McLallen*, No. 88C8191 (N.D. Ill. May 8, 1990). In a Memorandum of Opinion and Judgment, the Court found Inland proved facts necessary to recover on two theories of liability. The first was that McLallen was liable personally for rent, service charges, and attorney fees because he signed a lease as president of a nonexistent corporation. The second theory was that McLallen fraudulently misrepresented the corporation as one that would be authorized to do business in Illinois. The Court found each element of fraud was proved.

Again, McLallen argues the garnishment here is invalid under federal law. He also argues it is invalid under state law because Inland asked the Court in the trial that led to the underlying judgment, during closing argument, to limit any damage award to only rent, service charges, and attorney fees under the lease. Thus, McLallen argues, the judgment is not in fraud, a tort, but is exempt as a "debt" defined in § 34-1 meaning one "arising out of a contract . . . not an obligation resulting from an intentional tort." Thus, McLallen continues, his I.R.A. is exempt from creditor process because § 34-34 makes retirement plans exempt from creditor process when the underlying judgment is grounded in contract. The statute is set out below.

The Court concludes the I.R.A. in this case is not exempt under federal law for the reasons stated in *In re Shackelford*, 27 B.R. 372 (Bkrtcy. W.D. Va. 1983). In *Shackelford*, the debtor in a bankruptcy proceeding claimed an I.R.A. as exempt property not subject to the Trustee's control. The reasons the Court gave in deciding the I.R.A. was not exempt apply equally to this proceeding where there are common questions of creditor-debtor rights, interests and priorities as to property to satisfy creditor claims.

> Clearly an I.R.A. is not a spendthrift trust entitled to the protection afforded by Section 541(c)(2). Although the contract may not be transferred, it may be revoked by the Debtor at any time, subject only to the penalty set forth in the Internal Revenue Code. It is clear from the evidence presented that the Debtors have substantial control over the funds deposited in the I.R.A. Unlike pensions, there is no guarantee that the funds deposited in an I.R.A. will be retained until retirement. To exempt these funds from the control of the Trustee would invite uneven administration of the bankruptcy laws. If exempt, I.R.A.'s could easily be misused by debtors attempting to keep money from creditors until it could be otherwise diverted. *In re Mace*, 4 B.C.D. 94, 95 (Bkrtcy. Or. 1978).

Accordingly, this Court finds there is no federal law either in bankruptcy or nonbankruptcy which would allow protection of the I.R.A. here from creditor process.

Next the question is whether applicable state law affords the judgment debtor protection. McLallen cites Section 34-34(B), Code of Virginia of 1950, as amended, and argues his I.R.A., and the interest of his son in it who he has named the beneficiary, are exempt from creditors. The statute reads as follows:

> The interest of an individual under a retirement plan shall be exempt from creditor process to the extent provided under this section. The exemption provided by this section shall be available whether such individual has an interest in the retirement plan as a participant, beneficiary, contingent annuitant, alternative payee, or otherwise.

Inland, on the other hand, argues that by the definition given the term "debt" in § 34-1 contained in Title 34, Homestead and Other Exemptions, only some legally enforceable monetary obligations, those arising out of contract or otherwise are exempt, not an obligation resulting from an intentional tort, which is the basis for the judgment for this collection effort.

The judgment in question plainly makes findings of fact in fraud against McLallen. While the Court limited its award of damages at Inland's request to those under the lease, the case is clearly one pleaded and grounded on fraud, an intentional tort. Contrary to what McLallen maintains, the judgment was not one where the right of recovery rested solely upon the breach of a contract. The trial court in the case found "in favor of Inland . . . on Inland's claims of fraud and personal liability on the lease." Just because the judgment creditor asked the Court to award no more than rent, services charges, and attorney's fees due under the lease does not detract from what the Court said it found as liability based on fraud. The limitation of the exemption to that "provided under this section" refers to the scheme set out in other subsections for computing an annual benefit of up to

$17,500.00 annually. There is no broad sweeping exemption apart from any type judgment sought to be executed upon as McLallen contends. McLallen cannot claim the exemption Section 34-34 gives.

Turning next to the assertion that the I.R.A. is protected from process because the son is a named beneficiary. First, the son is not the judgment debtor. Second, any such claim of protection by a beneficiary would only apply when the beneficiary's interest had come to entitlement and a creditor seeks to execute upon it, not, as here, when the judgment debtor has named someone beneficiary in the event of death or other events, which have not occurred.

Accordingly, the Court will not quash the execution.