**In re Hubert G. PEELER, Debtor.**

**Bankruptcy No. 383–01974.**

United States Bankruptcy Court,
M.D. Tennessee.

Feb. 27, 1984.

---

**1.** The federal exemptions are not available in Tennessee. *See Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983).

**2.** The debtor scheduled the annuity as an exemption pursuant to T.C.A. § 26–2–110. The

Monte D. Curry, Nashville, Tenn., for debtor.

Robert H. Waldschmidt, Nashville, Tenn., for trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether the debtor's Individual Retirement Account ("IRA") is an exemptable annuity under T.C.A. § 26–2–111. After consideration of the briefs and arguments of the parties and applicable authority, the court finds that this IRA is not an exemptable annuity under Tennessee law and the trustee's objection to the claimed exemption should be SUSTAINED.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

Hubert G. Peeler ("debtor") filed a voluntary Chapter 7 petition on July 29, 1983, scheduling as an asset an IRA at First American Bank in the amount of $6,279. The debtor elected the state exemptions [1] on Schedule B–4 and claimed the IRA exempt pursuant to T.C.A. § 26–2–110.[2] The trustee filed an objection to the exemption on August 31, 1983. A hearing on the trustee's objection was held October 18, 1983.

The debtor's IRA does not qualify as an exemptable annuity under the Tennessee statute. T.C.A. § 26–2–111 provides in pertinent part as follows:

> In addition to the property exempt under § 26–2–102, the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>
> (1) The debtor's right to receive:

\* \* \* \* \* \*

court will assume that the debtor intended to have the exemption claimed under § 26–2–111 which provides an exemption for qualifying annuities whereas § 26–2–110 provides an exemption for certain insurance benefits.

(D) To the same extent that earnings are exempt pursuant to § 26–2–106, a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of death, age or length of service, unless:

(i) Such plan or contract was established by or under the auspices of an insider that employed the debtor at the time that the debtor's rights under such plan or contract arose;

(ii) Such payment is on account of age or length of service; and

(iii) Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409).

Provided, however, that the assets of the fund or plan from which any such payments are made, or are to be made, are exempt only to the extent that the debtor has *no right or option to receive them except as monthly or other periodic payments beginning at or after age fifty-eight (58). Assets of such funds or plans are not exempt if the debtor may, at his option, accelerate payment so as to receive payment in a lump sum or in periodic payments over a period of sixty (60) months or less.* (emphasis added).

If the debtor has the right or option to receive payments from his IRA prior to age 58 or if the debtor has the right to receive the payments in a lump sum, the fund is not exempt under this provision of the Tennessee exemption statute. Judge Bare reached this same conclusion in *In re Clark,* 18 B.R. 824, 827 (Bkrtcy.E.D.Tenn.1982).

The parties in their briefs to this court assume that the specific IRA here at issue can be drawn against by the debtor before age 58 and can be withdrawn in a lump sum. The court will proceed on the same assumptions though neither party introduced the IRA contract as evidence. The IRA addressed by the parties appears typical of those which have been analyzed by

other courts. The bankruptcy court in *In re Talbert,* 15 B.R. 536, 537–538 (Bkrtcy.W.D. La.1981) held that an IRA was not exemptable under the Louisiana exemption statute and noted four characteristics distinguishing an exemptable annuity or pension contract from a standard IRA: (1) an IRA is a savings account with tax benefits and gratuitous contributions by the debtor rather than a plan or policy provided by an employer or other party; (2) annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum; (3) the depositor/debtor has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability; and (4) an IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party. These distinctions between an exemptable annuity and an IRA have been consistently recognized and applied by other courts. *See, e.g., Roemelmeyer v. Gefen,* 35 B.R. 368, 371 (Bkrtcy.S.D.Fla.1984) (individual retirement accounts created in accordance with federal law and held in account under the unfettered control of the debtor were not "annuity contracts" and, therefore, not exemptable under Florida law); *Hovis v. Lowe,* 25 B.R. 86, 89 (Bkrtcy.D.S.C.1982) (debtors flexibility in withdrawing funds from IRA precludes exemption of account under South Carolina law); *In re Howerton,* 21 B.R. 621, 623 (Bkrtcy.N.D.Tex.1982) (IRA is reachable at will by debtor and therefore cannot be exempted under Texas law); *In re Mace,* 4 BANKR.CT.DEC. (CRR) 94, 95 (Bankr.D.Or.1978) (Oregon statute does not exempt "pension" established by person for his own benefit).

Because the debtor has the right to receive payments from his IRA at any time before reaching age 58 merely by paying the prescribed penalty,[3] and because the debtor could receive the funds as a lump sum payment, the IRA does not satisfy the

---

**3.** *See In re Werner,* 31 B.R. 418, 421 (Bkrtcy.D. Minn.1983) (typical IRA can be withdraw at any time with payment of penalty tax and therefore nonexempt).

standards set forth in § 26–2–111 and therefore is not an exemptable annuity under Tennessee law.[4]

An appropriate order will be entered.

4. The IRA corpus is exemptable up to the $4,000 personal property exemption provided pursuant to T.C.A. § 26–2–102. The debtor's

schedules reveal, however, that he has exhausted his personal property exemption in other property.