In re Jack INNIS, Debtor.

Bankruptcy No. 86–01837–LM7.

United States Bankruptcy Court, S.D. California.

July 14, 1986.

Larry Siegel, San Diego, Cal., trustee.

Ralph O. Boldt, Poway, Cal., trustee.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Jack M. Innis ("Debtor") scheduled his individual retirement account ("IRA") as exempt from property of the estate pursuant to 11 U.S.C. § 522(b)(1) and California Code of Civil Procedure ("C.C.P.") § 703.-140(b)(10)(E). The Chapter 7 trustee opposes.

## FACTS

On March 25, 1986, the Debtor filed his petition for Chapter 7 relief. Under § 522(l) the Debtor is required to file a list of property that he claims as exempt and to cite the statutory provision creating the exemption. The Debtor has claimed his IRA account valued at $9,087.50 is exempt under C.C.P. § 703.140(b)(10)(E). The trustee opposes on the grounds that the said subsection does not provide an exemption for IRA accounts.

## ISSUE

Does C.C.P. § 703.140(b)(10)(E) provide an exemption for IRA accounts?

## DISCUSSION

C.C.P. § 703.140(b)(10)(E) exempts from property of the estate the debtor's right to receive "a *payment* under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service to the extent reasonably necessary for the support of a debtor and any dependent of the debtor...." (emphasis added). Here, the debtor has claimed the entire *corpus* of the IRA as exempt. It is clear from the above quoted language that California law does not provide for the entire *corpus* to be exempt, but rather only a "payment." The court in *In re Kitson*, 43 B.R. 589 (Bankr. C.D.Ill.1984) faced similar statutory language and, based upon this rationale, held that an IRA account could not be exempted. See also, *In re Peeler*, 37 B.R. 517 (Bankr.M.D.Tenn.1984); *Roemelmeyer v. Gefen*, 35 B.R. 368 (Bankr.S.D.Fla.1984); *Hovis v. Lowe*, 25 B.R. 86 (Bankr.D.S.C. 1982); *In re Howerton*, 21 B.R. 621, 9 BCD 296 (Bankr.N.D.Tex.1982).

The Debtor argues that an IRA account is a "similar plan or contract; i.e., similar to a "stock bonus, pension, profitsharing [plan] or annuity." This same issue was discussed in *In re Peeler, supra*. There, the court noted four characteristics which distinguish an exemptible annuity or pension contract from the standard IRA:

1. An IRA is a savings account with tax benefits and gratuitious contributions by the debtor rather than a plan or policy provided by an employer or other party;

2. Annuities and pensions contemplate only future periodic payments, whereas an IRA is payable in a lump sum;

3. The depositor/debtor has complete control over the account, rendering no guarantee that the funds will actually be retained until retirement or disability;

4. An IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party.

*Id.* at 518.

The *Peeler* court observed the fact that the debtor "has the right to receive payments from his IRA at any time ... merely by paying the prescribed penalty." Here, the debtor's right to withdraw funds from his IRA account is not limited by the requirement that they be "on account of illness, disability, death, age or length of service ...," as described in C.C.P. § 703.-140(b)(10)(E). The debtor can withdraw the funds at any time and for any reason. It is this element of total control over the IRA account that distinguishes IRA's from traditional pension plans. See also *In re Fichter*, 45 B.R. 534, 537 (Bankr.N.D.Ohio 1984). "If the debtors have unlimited capacity to reach these funds, so does the trustee." *Fichter* at 538.

For the foregoing reasons, the trustee's objection to the Debtor's claim of exemption is sustained and the Debtor's claim of exemption for the IRA funds is denied.

This Memorandum of Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the trustee shall prepare an order in conformance with this Decision within ten (10) days from the date of entry hereof.