In re Robert Gerard
**VIGGHIANY, Debtor.**

Bankruptcy No. 86–07894–H7.

United States Bankruptcy Court,
S.D. California.

June 2, 1987.

George P. Mills, San Diego, Cal., for debtor.

Richard Kipperman, Corporate Management, Inc., San Diego, Cal., Trustee.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Robert Gerard Vigghiany, a self-employed electrical contractor, ("debtor")

scheduled his individual retirement account ("IRA") as exempt from property of the estate pursuant to California Code of Civil Procedure ("C.C.P.") § 704.115. The Chapter 7 trustee filed an objection to the claim exemption, contending that since the debtor has unlimited capacity to reach IRA funds, the IRA corpus is not exempt.

This court holds that the debtor's IRA account is exempt from property of the estate.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and 28 U.S.C. § 157(b)(2)(B) and General Order No. 312–C of the United States District Court, Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

On December 9, 1986, the debtor filed his petition for Chapter 7 relief. The debtor claimed his two individual retirement accounts valued at $6,000 provided for by the Internal Revenue Code of 1954 as amended ("IRA") exempt under C.C.P. § 704.115.

The trustee citing the recent case of *In re Innis*, 62 B.R. 659 (Bankr.S.D.Cal.1986), opposed on the grounds that since the debtor has the unlimited right to withdraw from his IRA account, the IRA corpus is not exempt.

## DISCUSSION

The sole issue in this case is whether the California exemption statute, C.C.P. § 704.-115 applies to IRA's. The statute provides an exemption for "Self-employed retirement plans and individual annuities or accounts provided for in the Internal Revenue Code of 1954 as amended, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code." [1]

1. § 704.115. Private retirement and related benefits and contributions.
   (a) As used in this section, "private retirement plan means:
   (1) Private retirement plans, including, but not limited to, union retirement plans.

(2) Profit-sharing plans designed and used for retirement purposes.
(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1954 as amended, to the extent the amounts held in the

Neither the California courts nor any federal courts of the Ninth Circuit have interpreted C.C.P. § 704.115.

The trustee relies on *In re Innis, supra,* decided by my colleague, Judge Louise De-Carl Malugen, wherein the trustee's objection to a debtor's claim of objection pursuant to 11 U.S.C. § 522(b)(1) and C.C.P. § 703.140(b)(10)(E) was sustained.

C.C.P. § 703.140(b)(10)(E) uses the precise language contained in 11 U.S.C. § 522(b)(10)(E), and is in essence a California "federal" exemption.

In *In re Innis, supra,* the bankruptcy court, relying on numerous bankruptcy cases and other jurisdictions utilizing similar exemption language, concluded that,

C.C.P. § 703.140(b)(10)(E) exempts from property of the estate the debtor's right to receive a *payment* under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service to the extent reasonably necessary for the support of a debtor and a dependent of the debtor.... It is clear from the above quoted language that California law does not provide for the

entire *corpus* to be exempt, but rather only a "payment."

*In re Innis, supra* at 660.

In enacting C.C.P. § 703.130, California effectively opted out of the federal exemption scheme. However, simultaneously, the California legislature enacted C.C.P. § 703.140. This section allows debtors to choose either the exemptions that state law already provided for or to choose the exemptions contained therein.

In the present case, the debtor has claimed his IRA corpus exempt pursuant to existing exemptions provided by California under C.C.P. § 704.115. Subsection (b) of C.C.P. § 704.115 provides, "(b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment or death benefit from a private retirement plan are exempt." C.C.P. § 704.115(b).

IRA's are included within the meaning of "private retirement plans" in C.C.P. § 704.-115.

Section 704.115(e) places a limitation on the exemption on the IRA by requiring the court to make a determination that the IRA amount be limited to,

plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.

(b) All amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt.

(c) Notwithstanding subdivision (b), where an amount described in subdivision (b) becomes payable to a person and is sought to be applied to the satisfaction of a judgment for child or spousal support against that person:

(1) Except as provided in paragraph (2), the amount is exempt only to the extent that the court determines under subdivision (c) of Section 703.070.

(2) If the amount sought to be applied to the satisfaction of the judgment is payable periodically, the amount payable is subject to a wage assignment for support as defined in Section 706.011 or any other applicable enforcement procedure, but the amount to be withheld pursuant to the assignment or other procedure shall not exceed the amount permitted to be withheld on an earnings withholding order for support under Section 706.052.

(d) After payment, the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt.

(e) Notwithstanding subdivisions (b) and (d), except as provided in subdivision (f), the amounts described in paragraph (3) of subdivision (a) are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires. In determining the amount to be exempt under this subdivision, the court shall allow the judgment debtor such additional amount as is necessary to pay any federal and state income taxes payable as a result of the applying of an amount described in paragraph (3) of subdivision (a) to the satisfaction of the money judgment.

(f) Where the amounts described in paragraph (3) of subdivision (a) are payable periodically, the amount of such periodic payment that may be applied to the satisfaction of a money judgment is the amount that may be withheld from a like amount of earnings under Chapter 5 (commencing with Section 706.010) (Wage Garnishment Law).

[t]he extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires.

C.C.P. § 704.115(e).

The Legislative Committee Comment—Assembly appearing as an appendix to the statute indicates that:

Subdivisions (e) and (f) are new. Subdivision (e) requires that the court consider all resources—such as social security payments and other income assets—that are likely to be available to the judgment debtor when the judgment debtor retires. Accordingly, where it will be a number of years before the judgment debtor will retire, the court will take into account not only all the assets of the judgment debtor at the time the exemption claim is determined but also all the assets and income (including pension rights) that the judgment debtor is likely to acquire prior to retirement. Subdivision (f) recognizes that the federal law requires the protection of periodic payments pursuant to a retirement program. See 15 U.S.C. §§ 1672(a), 1673(a) (15 Cal.L.Rev.Comm. Reports 2001; 82 A.J. 9356).

Cal.C.C.P.Ann. § 704.115(e) (West Supp. 1987).

Contrary to C.C.P. § 703.140(b)(10)(E), C.C.P. § 704.115 exempts *"all amounts held, controlled,* or in the process of distribution by a private retirement plan...." The California Assembly chose to exempt all amounts held as opposed to payments under a pension, profit-sharing or annuity found in C.C.P. § 703.140(b)(10)(E). Under C.C.P. § 704.115, whether or not the debtor has control over the account is irrelevant to the exemption. However, the amount of the exemption can be challenged and pursuant to C.C.P. § 704.115(e) the exemption is limited to the amount necessary to provide for the support of the judgment debtor upon retirement and for the support of the spouse and dependents of the judgment debtor. The appropriate court is then required to consider all resources that are likely to be available for support of the debtor when the debtor retires such as social security payments and other income assets that are likely to be available.

## CONCLUSION

The debtor's IRA is properly claimed exempt under C.C.P. § 704.115 subject to the limitations of subsection (e). The trustee is directed to schedule a hearing in accordance with C.C.P. § 704.115(e) for this court to determine whether all of the IRA is necessary to provide for the support of the judgment debtor and for the support of spouse and dependents of the judgment debtor when the judgment debtor retires.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.