**In the Matter of Aaron Herman SPANDORF, Debtor.**

**Bankruptcy No. 2–90–00016.**

United States Bankruptcy Court, D. Connecticut.

June 25, 1990.

Renee B. Allen, Tarlow, Levy, Harding & Droney, Farmington, Conn., for debtor.

John J. O'Neil, Jr., Francis, O'Neil & Delpiano, Hartford, Conn., trustee.

MEMORANDUM AND ORDER

RE: TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

On January 3, 1990, Aaron H. Spandorf ("debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code. The debtor elected the state exemptions on Schedule B–4 and, pursuant to Conn.Gen. Stat. § 52–352b(m), claimed his Individual Retirement Account fund (IRA) with a value of $5,752.71 deposited with First Investors, 10 Woodbridge Center Drive, Woodbridge, New Jersey as exempt from property of the estate. The trustee duly filed an objection to this exemption, and the parties submitted the matter to the court upon briefs only.

## II.

### DISCUSSION

The debtor bases his claim that his IRA is exempt on the following provision of the Connecticut Statutes dealing with exemptions.

*Conn. Gen.Stat. § 52–352b.*

The following property of any natural person shall be exempt:

. . . . .

(m) Payments received by the exemptioner under a profit sharing, pension, stock bonus, annuity or similar plan which is established for the primary purpose of providing benefits upon retirement by reason of age, health, or length of service and which is either (1) qualified under section 401, 403, 404 or 408 of the Internal Revenue Code, or any successor thereto, or (2) established by federal or state statute, but only to the extent that wages are exempt from execution under section 52–361a;[1]

Conn.Gen.Stat.Ann. § 52–352b(m) (West Supp.1990). The trustee contends that the debtor's IRA does not fall within the purview of that section because the IRA does not qualify as a "profit sharing, pension, stock bonus, annuity or similar plan." The debtor argues that his IRA account constitutes a "similar plan" and therefore falls within the protection of the exemption statute. In using the phrase "similar plan," it is apparent that the Connecticut legislature did not intend the list of specific programs denoted to be all-inclusive, for the sophistication of retirement plans and programs precludes an exhaustive identification of such arrangements. However, the phrase "similar plan" must be limited to those plans closely parallel in characteristics and benefits provided to the named plans. In comparing a pension or annuity with an IRA, most courts have found that an IRA is not exempt under state statutes similar to Connecticut's and have noted four characteristics which distinguish the "pension-type" plan from an IRA:

(1) an IRA is a savings account with tax benefits and gratuitous contributions by the debtor rather than a plan or policy provided by an employer or other party; (2) annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum; (3) the depositor/debtor has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability; and (4) an IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party.

*In re Peeler*, 37 B.R. 517, 518 (Bankr.M.D. Tenn.1984) (citation omitted); *see In re Matthews*, 65 B.R. 24, 26 (Bankr.N.D.Iowa 1986); *In re Innis*, 62 B.R. 659, 660 (Bankr. S.D.Cal.1986); *In re Gillett*, 46 B.R. 642, 643–44 (Bankr.S.D.Fla.1985); *In re Fichter*, 45 B.R. 534, 537–38 (Bankr.N.D.Ohio 1984); *In re Kitson*, 43 B.R. 589, 590 (Bankr.C.D.Ill.1984); *Roemelmeyer v. Gefen (In re Gefen)*, 35 B.R. 368 (Bankr.S.D. Fla.1984); *Hovis v. Lowe (In re Lowe)*, 25 B.R. 86, 89 (Bankr.D.S.C.1982); *In re Howerton*, 21 B.R. 621 (Bankr.N.D.Tex.1982); *In re Talbert*, 15 B.R. 536 (Bankr.W.D.La. 1981); *In re Mace*, 4 BCD 94 (Bankr.D.Or. 1978); *contra In re Worthington*, 28 B.R. 736 (Bankr.W.D.Ky.1983) (applying Kentucky law, court held that IRA was exempt because it had tax-deferred status; and debtor control irrelevant); *In re Fill*, 84 B.R. 332 (Bankr.S.D.N.Y.1988) (court assumed IRA exempt under New York law);

This court recently held in *In re Tisdale*, 112 B.R. 61, 65 (Bankr.D.Conn.1990), that the portion of a 401K retirement plan which consisted of monies deposited by the

---

1. Conn.Gen.Stat. § 52–361a(f) states:

*Amount subject to levy.* The maximum part of the aggregate weekly earnings of an individual which may be subject under this section to levy or other withholding for payment of a judgment is the lesser of (1) twenty-five per cent of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed forty times the higher of (A) the minimum hourly wage prescribed by Section 6(a)(1) of the Fair Labor Standards Act of 1938, U.S.C. Title 29, Section 206(a)(1), or (B) the full minimum fair wage established by subsection (j) of section 31–58, in effect at the time the earnings are payable. Unless the court provides otherwise pursuant to a motion for modification, the execution and levy shall be for the maximum earnings subject to levy and shall not be limited by the amount of the instalment payment order. Only one execution under this section shall be satisfied at one time. Priority of executions under this section shall be determined by the order of their presentation to the employer.

Conn.Gen.Stat.Ann. § 52–361a(f) (West Supp. 1990).

debtor was not excludible from property of the estate under Code § 541(c)(2) because it would be violative of Connecticut public policy to allow a debtor to place his own property in trust beyond the reach of his creditors. The reasoning of *Tisdale* applies to the debtor's IRA. The debtor's IRA consists entirely of contributions made by the debtor, and he can withdraw the funds at any time for any reason merely by paying the prescribed tax penalty. I conclude the provisions of Conn.Gen.Stat. § 52–352b(m) do not exempt the debtor's IRA.

## III.

## CONCLUSION

The trustee's objection to the debtor's claim of exemption of his IRA in the amount of $5,752.71 at First Investors, 10 Woodbridge Center Drive, Woodbridge, New Jersey is sustained. It is

SO ORDERED.