**In re Val D. SWENSON, Debtor.**

**Bankruptcy No. 90A–04222.**

United States Bankruptcy Court,
D. Utah, N.D.

July 11, 1991.

Jerald Engstrom, Ogden, Utah, for debtor.

Mark S. Swan, Mark E. Medcalf, Salt Lake City, Utah, for Charter Thrift & Loan.

David Gladwell, Ogden, Utah, Chapter 7 Trustee.

## MEMORANDUM OPINION

JOHN H. ALLEN, Bankruptcy Judge.

A hearing was held September 26, 1990, on a Motion for Relief from Automatic Stay filed by Charter Thrift & Loan. The parties were given fifteen days to file supplemental memoranda. After a complete review of the pleadings filed and the law

relevant to the issue at hand, the Court issues the following Order.

Charter Thrift & Loan (Charter) obtained a Judgment against the debtor in state court. The Judgment resulted in a Writ of Granishment served on the garnishee on April 6, 1990, which garnished two Individual Retirement Accounts (IRAs) owned by the debtor. Charter argues that, pursuant to its Writ of Garnishment, it has a perfected lien in the debtor's IRAs.

On July 11, 1990, this Chapter 7 case was filed by the debtor, thereby activating the protections offered by the automatic stay. 11 U.S.C. § 362(a). With this motion, Charter requested a termination of the automatic stay in order to proceed with its garnishment of the IRAs. Subsequent to the hearing on the motion, the debtor received a discharge.

According to the provisions of 11 U.S.C. § 362(c)(2)(C), the automatic stay of an act against property of the estate continues until the property ceases to belong to the estate and the stay against any other type of act terminates when the estate is closed, dismissed, or a discharge is granted or denied.

■ This Chapter 7 case is administered by a trustee. The first duty of the trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close up such estate as expeditiously as is compatible with the best interest of parties in interest; ..." 11 U.S.C. § 704(1). In furtherance of these ends, the trustee is accountable for all property received and is required to investigate the financial affairs of the debtor. Thus it is, that even though the debtor has received a discharge and the automatic stay provisions of 11 U.S.C. § 362 are no longer in effect where he is personally concerned, the estate is still under the umbrella of these provisions. The estate, administered by the trustee, is still viable and in a posture for distribution to creditors.

■ The commencement of a bankruptcy proceeding creates an estate which is comprised of the debtor's property wherever it may be located. 11 U.S.C. § 541(a). All of the debtor's interest in property, legal or equitable, becomes property of the estate. *In re Kazi*, 125 B.R. 981 (Bkrtcy.S.D.Ill. 1991). After the property comes into the estate, the debtor is then permitted to exempt property needed for a "fresh start". *In re Neiheisel*, 32 B.R. 146, 157 (Bkrtcy. Ut.1983). As required by Bankruptcy Rule 4003(a) and 11 U.S.C. § 522(*l*), the debtor must file a list of the property, allowable under the Utah Exemptions Act [1], which he claims as exempt. If no successful objection is made to any item on the list, the property is no longer property of the estate. The Code thus incorporates the concurrent goals of bankruptcy law as exemplified by Chapter 7, to convert the estate into cash for distribution among creditors and provide the debtor with a fresh start.

The debtor filed his Chapter 7 petition on July 7, 1990. The debtor also filed Schedule B–4 which listed the IRAs as exempt property pursuant to Utah Code Ann. § 78–23–6 (Supp.1981):

> [A]n individual is entitled to exemption of the following property to the extent reasonably necessary for the support of the individual and his dependents:
>
> . . . .
>
> (3) assets held, payments and amounts payable under a stock bonus, pension, profit-sharing, annuity, or other similar plan providing benefits other than by reason of illness or disability.

Within the context of its motion, Charter objects to the claimed exemption on the basis that the IRAs in question do not fit within this statutory scheme. In accordance with Bankruptcy Rule 4003(b), objections to the debtor's claim of exempt property must be filed within 30 days after the meeting of creditors required by 11 U.S.C. § 341. *Kazi*, 125 B.R. at 988. The debtor's Section 341 meeting was held September 4, 1990. Since the motion was filed August 22, 1990, it is timely filed. *In re Brayshaw*, 912 F.2d 1255 (10th Cir.1990).

■ The language of the particular exemption statute does not explicitly provide

---

**1.** 9A Utah Code Annotated §§ 78–23–1 to 78–23– 15 (Supp.1981).

that an IRA is exempt. The statute extends to "all payments under a stock bonus, pension, profit-sharing, annuity, or other similar plan ...". Consequently, for an IRA to be exempt under § 78–23–6(3), it must qualify as an "annuity or other similar plan".

An IRA is a "trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries." 26 U.S.C. § 408(a). In comparing a pension or annuity with an IRA, most courts have found that an IRA is not exempt under statutes similar to the statute at issue. *See*, e.g., *In the matter of Spandorf*, 115 B.R. 415 (Bkrtcy.D.Conn.1990); *In re Atallah*, 95 B.R. 910 (Bkrtcy.E.D.Pa.1989); *In re Matthews*, 65 B.R. 24 (Bkrtcy.N.D.Iowa 1986); *In re Innis*, 62 B.R. 659 (Bkrtcy. S.D.Ca.1986); *In re Fichter*, 45 B.R. 534 (Bkrtcy.N.D.Ohio 1984); *In re Kitson*, 43 B.R. 589 (Bkrtcy.C.D.Ill.1984); *In re Pauquette*, 38 B.R. 170 (Bkrtcy.D.Vt.1984); *In re Peeler*, 37 B.R. 517 (Bkrtcy.M.D.Tenn. 1984).

The rationale advanced in these cases has focused on the ability of the individual to maintain control and dominion over the corpus. Can the beneficiary receive the corpus immediately or call for it at any time? In other words, the spotlight of analysis is on the high degree of authority enjoyed by the debtor, particularly having to do with self-settled trusts. It is uncontraverted that an IRA is, indeed, a self-settled trust. *In Matter of Velis*, 123 B.R. 497 (D.N.J.1991). Employer-created funds, on the other hand, usually provide the beneficiary employee with limited or no control over the funds. *Matter of Goff*, 706 F.2d 574 (5th Cir., 1983). Several courts have even gone so far as to decide that when a debtor could receive distribution of funds by terminating his employment, this "limited amount of control" was enough to render the employee contributions under a pension plan property of the estate. *See In re Swanson*, 873 F.2d 1121 (8th. Cir.1989); *In re Balay*, 113 B.R. 429 (Bkrtcy.N.D.Ill. 1990); *In re Mead*, 110 B.R. 434, 439–40 (Bkrtcy.W.D.Mo.1990); *In re McIntosh*, 116 B.R. 277, 279 (Bkrtcy.N.D.Okl.1990); *In re Hartman*, 115 B.R. 171, 23 C.B.C.2d 1439 (W.D.Ak.1990).

The Court in *In re Iacono* articulated the differences between an IRA and a plan that might qualify as a "similar plan":

> There are several other fundamental characteristics of an IRA that distinguish it from a qualified pension plan. An IRA is not a plan but rather it is a savings account with tax benefits and is created by gratuitous contributions from the debtor as opposed to contributions made by an employer. It is not established by a corporation or any other entity other that the individual for his own benefit. The Debtors' arrangement with the depository institution is contractual in nature and the Debtor deals directly with that institution although there may be a nominal "Trustee" appointed by the institution. The Debtors have complete control over the funds and can withdraw the funds at any time, albeit with a tax or institutional penalty, and can control the amount, time and mode of distribution.

*In re Iacono*, 120 B.R. 691, 694 (Bkrtcy. E.D.N.Y.1990).

This Court believes that public policy concerns have dictated the decisions determining whether a particular trust fund interest is included in estate property and thereby subject to rights of creditors. *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1208 (4th Cir.1985); *Matter of Johnson*, 724 F.2d 1138, 1140–41 (5th Cir.1984). It would be unjust and against public policy to allow debtors with one hand to create a pool of assets easily accessible to them personally while with the other hand frustrating the rights of creditors. Debtors should be allowed a fresh start but not a head start. *Employee Benefits Committee v. Tabor*, 127 B.R. 194 (S.D.Ind.1991).

In light of the foregoing, it is clear to the Court that IRAs are not exempt because they fail to fall within the parameters of "annuity or other similar plan". Accordingly, the Motion to Terminate the Stay is granted.