**In the Matter of Alden B. CHICK, Debtor.**

**Bankruptcy No. 2–91–01745.**

United States Bankruptcy Court, D. Connecticut.

Dec. 26, 1991.

---

**1.** There is a T-shirt available in resort areas with the legend: "What part of NO don't you understand?"

Thomas M. Germain, Germain & Associates, Hartford, Conn., for trustee.

Rebecca B. Lamont, Goodman, Rosenthal & McKenna, P.C., Hartford, Conn., for debtor.

RULING ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION OF INDIVIDUAL RETIREMENT ACCOUNT

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The question presented in this proceeding is whether a debtor's Individual Retirement Account (IRA) maintained at Manchester Savings Bank is exemptive under Bankruptcy Code § 522(d)(10)(E). If the court determines that it is, the parties intend to request an evidentiary hearing to determine the amount of the exemption.

## II.

### BACKGROUND

Alden B. Chick, the debtor, owned an IRA amounting to $16,673.42 on May 29, 1991, the date of his voluntary chapter 7 petition. The debtor is married, 57 years old, and is employed as a plumbing and heating contractor. Section 522(d)(10)(E) under which the debtor claims the IRA exemption reads as follows:

(d) The following property may be exempted ...:

. . . . .

(10) The debtor's right to receive—

. . . . .

(E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(a), 403(b), 408, or 409).

Thomas M. Germain, the trustee, objects to the exemption. He contends the IRA is not the type of pension plan covered by § 522(d)(10)(E), and even if it were, there is nothing to exempt, since the debtor does not have a present "right to receive ... a payment under" the IRA. The debtor relies upon the plain language of the statute for his claim of exemption.

## III.

### DISCUSSION

#### A.

In *In re Spandorf,* 115 B.R. 415 (Bankr.D.Conn.1990), this court ruled on the exemption of an IRA asserted under a Connecticut statute (Conn.Gen.Stat. § 52-352b(m)) which was roughly comparable to § 522(d)(10)(E). The specific issue presented by the parties in *Spandorf* was whether an IRA qualified as a "similar plan" under the statutory phrase "profit-sharing, pension, stock bonus, annuity or similar plan." *Spandorf* concluded, along with the majority of courts having then considered a like issue,[1] that an IRA did not so qualify. *Spandorf* set out the following reasons quoted from *In re Peeler,* 37 B.R. 517, 518 (Bankr.M.D.Tenn.1984):

(1) an IRA is a savings account with tax benefits and gratuitous contributions by the debtor rather than a plan or policy provided by an employer or other party;

---

1. For a contrary view as to what the majority of courts had then decided, *see American Honda*

*Finance Corp. v. Cilek (In re Cilek),* 115 B.R. 974, 980, n. 5 (Bankr.W.D.Wis.1990).

(2) annuities and pensions contemplate only future periodic payments whereas an IRA is payable in a lump sum;

(3) the depositor/debtor has complete control over the account rendering no guarantee that the funds will actually be retained until retirement or disability; and

(4) an IRA contemplates a contractual arrangement whereby the debtor deals directly with the depository institution rather than having the fund provided by an employer or other third party.

*In re Spandorf,* 115 B.R. at 416.[2]

### B.

The Third Circuit to date is the only Court of Appeals to have considered whether Congress intended that debtors may exempt IRA's under § 522(d)(10)(E). *Velis v. Kardanis,* 949 F.2d 78, 22 Bankr.Ct.Dec. (CRR) 414, 416 (3rd Cir.1991) holds that an IRA is included within § 522(d)(10)(E) to the extent reasonably necessary for support:

We believe it reasonable to conclude that Congress intended to provide protection against the claims of creditors for a person's interest in pension plans, unless vulnerable to challenge as fraudulent conveyances or voidable preferences.... As to [the IRA] account, it would seem there were no enforceable restrictions [to transfer], under any "nonbankruptcy law" or otherwise. The IRA was thus a part of the debtor's estate under § 541(c)(1), not excluded under § 541(c)(2) and, as a present entitlement, susceptible to possible exemption under § 522(d)(10)(E).

The Third Circuit, in *In re Clark,* 711 F.2d 21, 22 (3rd Cir.1983), a ruling dealing with a Keogh pension plan, had concluded that a § 522(d)(10)(E) exemption is applicable only when a debtor has a present, as opposed to a future, right to receive payment under a pension plan. *Velis* applied that principle to an IRA as well. Lower court rulings that an IRA is exemptive under § 522(d)(10)(E) include *American Honda Finance Corp. v. Cilek (In re Cilek),* 115 B.R. 974, 989–990 (Bankr.W.D.Wis.1990) (IRA qualifies as similar plan under § 522(d)(10)(E) whether or not there is a present right to payment); *In re Bell,* 119 B.R. 783, 784–785 (Bankr.D.Mont.1988) (IRA exempt if shown to be reasonably necessary for support—court deferred ruling on issue of present right to payment); *In re Montavon,* 52 B.R. 99, 102 (Bankr. D.Minn.1985), *dicta,* (IRA exemptible where debtor's right to payment has already matured by the attainment of the statutory age); *contra In re Pauquette,* 38 B.R. 170, 173–174 (Bankr.D.Vt.1984) (where debtor's IRA can be withdrawn at any time upon payment of early withdrawal assessment, funds in IRA not exempt).

Adopting the view of the Third Circuit which includes IRA's within the provisions of § 522(d)(10)(E), subject to the condition that the debtor must have a present right to payment, I conclude that the debtor here may not exempt his IRA because he has no right to present payment. He has not reached the "retirement age" (59½) set by the Internal Revenue Code for unpenalized withdrawals from IRA's, and does not allege disability. *See* 26 U.S.C. §§ 72(t) and 408(d). Accordingly, the trustee's objection to the debtor's exemption claim is sustained. *Cf. In re Tisdale,* 112 B.R. 61, 66 (Bankr.D.Conn.1990). It is

SO ORDERED.

---

**2.** After *Spandorf* was decided, the Connecticut Legislature repealed Conn.Gen.Stat. § 52–352b(m), and added a new provision to Conn. Gen.Stat. § 52–321 (which deals with spendthrift trusts) to make a "Keogh plan or a retirement plan established by a corporation which is qualified under Section 401, 403, 404 or 409 of

the Internal Revenue Code of 1986" enforceable as a spendthrift trust. An IRA is not covered by this provision and remains subject to claims of creditors and not exemptive under Connecticut statutory law. *See* 1991 Conn.Acts 239 (Jan. Reg.Sess.).