**Erna E. NEWTON, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

**No. 94–35900.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1995.

Decided Dec. 8, 1995.

Jon R. Stouffer and Maureen E. Laflin, Legal Aid Clinic, University of Idaho College of Law, Moscow, Idaho, for plaintiff-appellant.

Craig J. Casey, Assistant United States Attorney, Portland, Oregon, and Richard H.

Wetmore, Office of Regional Counsel, Social Security Administration, Seattle, Washington, for defendant-appellee.

Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.

## ORDER

Erna E. Newton appeals the judgment of the district court [1] which upheld the decision of the Secretary of Health and Human Services that the Windfall Elimination Provision, 42 U.S.C. § 415(a)(7), applies to her. We affirm.

We have carefully reviewed the record and we affirm for the reasons set forth in the district court's published decision. [2]

AFFIRMED.

---

1. *Newton v. Shalala,* 874 F.Supp. 296 (D.Or. 1994).

2. On appeal Newton makes two additional claims. She argues that the legislative history of the WEP militates against the Secretary's position. However, the statute itself is perfectly clear, so resort to legislative history is neither called for nor appropriate. *See Burlington N. R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987); *Davis v. Michigan Dep't of Treasury,* 489 U.S. 803, 809 n. 3, 109 S.Ct. 1500, 1504 n. 3, 103 L.Ed.2d 891 (1989). In any event, the cited history is singularly unhelpful. *See* H.R.Rep. No. 25, 98th Cong., 1st Sess. 21–22 (1983), *reprinted in* 1983 U.S.C.C.A.N. 219, 239–40. She also argues that her negotiated pre-retirement salary *contribution payments from her employer* were, somehow, part of her later pension benefit from the German social security system. Newton, however, directs us to no authority that indicates that they are, and the record indicates the contrary.