In re Ronald C. MacINTYRE, In re Mary M. Pikus, Debtors.

Linda K. DeMASSA; Philip A. DeMassa, Philip A. DeMassa, APC; and Ralph Boldt, Trustee, Appellants,

v.

Ronald C. MacINTYRE and Mary M. Pikus, Appellees.

No. 94–55672.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1995.

Decided Jan. 22, 1996.

Robert M. Swysgood, John Smaha & Associates, San Diego, California, for appellants.

Charles D. Christopher, San Diego, California, for appellees.

Before: ALARCON and RYMER Circuit Judges, and QUACKENBUSH, Senior District Judge.[*]

QUACKENBUSH, Senior District Judge:

The Creditors DeMassa and the Trustee in this bankruptcy proceeding, appeal from a Judgment by the Bankruptcy Appellate Panel (BAP), affirming the bankruptcy court, holding that the Debtors' private retirement plans are exempt from their bankruptcy estate under California law. The BAP had jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a) and (b)(1). We have juris-

* Honorable Justin L. Quackenbush, Senior Judge, United States District Court for the Eastern District of Washington sitting by designation.

diction pursuant to 28 U.S.C. § 158(d). We affirm the BAP's judgment.

## BACKGROUND

The issue before this court is a narrow one of first impression, i.e., whether the Debtors' Internal Revenue Code Section 403(b) retirement plan annuities are fully exempt from their bankruptcy estate under California Civil Procedure (CCP) § 704.115(a)(1) and (b), or whether they are subject to the "extent necessary for retirement" limitation of § 704.115(e).

The Debtors, Ronald MacIntrye and Mary Pikus, husband and wife, are physicians, who are employed by Sharp Rees Stealy Hospital, a nonprofit hospital. As employees of a nonprofit hospital, they are eligible for the tax advantages of section 403(b) retirement plans, provided for in the Internal Revenue Code. The Debtors contributed to their section 403(b) retirement plans through voluntary reductions in their salaries.

In 1991, Creditor Phillip DeMassa obtained a judgment against the Debtors in the amount of $505,923.87, later reduced to $350,261.12, for breaching a contract to purchase a residence from DeMassa. The Debtors filed a bankruptcy petition under Chapter 7 of Title 11 of the United States Code. They claimed an exemption for their section 403(b) retirement plans and their individual retirement accounts (IRAs), pursuant to California Code of Civil Procedure (CCP) § 704.115. The bankruptcy court and the BAP found, in unpublished decisions, that the value of the section 403(b) retirement plan annuities were fully exempt from the bankrupt estate under CCP § 704.115(a)(1) and (b), but that the Debtors' IRAs were not exempt because they were not reasonably necessary to provide for the support of the debtors upon retirement, pursuant to CCP § 704.115(e).

The Creditors and Trustee contend that section 403(b) private retirement plan annuities, like the IRAs, are exempt only to the extent necessary to provide for the support of the debtor and the debtor's spouse and dependents upon retirement, pursuant to § 704.115(e).

## DISCUSSION

This case involves a question of California statutory construction and the appeal of a BAP decision. Questions of statutory interpretation are subject to **de novo** review, *In re Pikush*, 157 B.R. 155, 156 (9th Cir. BAP 1993), *aff'd*, 27 F.3d 386 (9th Cir. 1994), as are decisions of the BAP. *In re Johnston*, 21 F.3d 323, 326 (9th Cir.1994).

The filing of a petition under the Bankruptcy Code creates an estate, comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, the Bankruptcy Code also permits individual debtors to exempt certain kinds of assets from the bankruptcy estate. 11 U.S.C. § 522. A debtor may exempt either those assets delineated in the federal Bankruptcy Code or those assets exempted by the law of the debtor's state. 11 U.S.C. § 522(b)(2)(A). The Debtors here, who reside in California, have chosen to look to California's exemptions.

In California, debtors have the additional option of choosing between exemptions available to non-bankrupts, and the State bankruptcy exemptions, which are identical to the federal exemptions. *See* CCP § 703.140(b)(1–11) and 11 U.S.C. § 522(d). The Debtors here chose to claim their exemptions under California non-bankruptcy law, specifically CCP § 704.115.

CCP § 704.115(a) provides an exemption for all amounts held "in private retirement plans." "Private retirement plans" are defined as:

(1) Private retirement plans, including, but not limited to, union retirement plans;

(2) Profit-sharing plans designed and used for retirement purposes;

(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1954 . . .

Section 704.115(b) provides that "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an **annuity,** pension, retirement allowance, disability pay-

ment, or death benefit from a private retirement plan are exempt." (Emphasis added.)

■ However, section 704.115(a)(3) plans are subject to the condition found in section § 704.115(e) which provides:

Notwithstanding subdivisions (b) ... **the amounts described in paragraph (3) of subdivision (a)** are exempt only to the extent necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires....

CCP § 704.115(e) (emphasis added). Thus, the statutory language is clear that the subsection (e) limitation applies only to subparagraph (3) plans, which are either **self-employed plans or individual retirement accounts and annuities (IRAs).** The Debtors' retirement plans are neither self-employed plans, nor IRAs.

■ The words of this statute must be interpreted to mean what they say. "Courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Nesovic v. United States,* 71 F.3d 776 (9th Cir.1995) quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–53, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992).

The Creditors' reliance on *In re Vigghiany,* 74 B.R. 61 (Bankr.S.D.Cal.1987) and *In re Bernard,* 40 F.3d 1028 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995) is misplaced. The only issue in *Vigghiany* was whether CCP § 704.115 applies to IRAs, and in *Bernard,* the annuity in question was not part of a retirement plan at all.

The Creditors also argue that the legislative history found in 16 California Law Revision Commission Report 1088 (1982) supports their position. However, CCP § 704.115 "is perfectly clear, so resort to legislative history is neither called for nor appropriate." *Newton v. Secretary of Health & Human Servs.,* 70 F.3d 1114, 1115, n. 2 (9th Cir.1995); *See also, Burlington Northern R.R. Co. v. Okla-*

*homa Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987). In any event, the purported history is not history at all, but, rather, only a recommendation, which was not adopted by the California legislature. *See* CCP § 704.120.

■ The purpose of the section 704.115 exemption for the corpus of private retirement plans is to safeguard a stream of income for retirees at the expense of bankruptcy creditors. *In re Witwer,* 148 B.R. 930, 941 (Bankr.C.D.Cal.1992), *aff'd.,* 163 B.R. 614 (9th Cir. BAP 1994); *Yaesu Electronics Corp. v. Tamura,* 28 Cal.App.4th 8, 33 Cal. Rptr.2d 283 (1994). There may be no logical reason why a doctor who works for a non-profit hospital should be treated differently than one working for a profit hospital who has an IRA, or one who has a self-employed retirement plan, but that is what the clear language of CCP § 704.115 provides.

Curiously, the California legislature fully exempted private retirement plans and profit-sharing plans from the reach of creditors despite exempting self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code only to the extent necessary to provide for the support of the judgment debtor as well as the debtor's spouse and dependents.

*In re Witwer, supra,* 148 B.R. at 940 n. 12.

### CONCLUSION

The California legislature exempted "private retirement accounts" from a debtor's bankruptcy estate, and defined "private retirement accounts" as (1) private retirement plans, (2) profit-sharing plans designed and used for retirement purposes, and (3) self-employed retirement plans and IRAs. The legislature then conditioned the exemption of only (a)(3) self-employed retirement plans and IRAs "to the extent necessary" to provide for the retirement of the debtor and his dependents. Because the Debtors' section 403(b) annuities are neither self-employed retirement plans nor IRAs, they are not subject to the section 704.115(e) "extent necessary" condition. The Debtors' plans are "private retirement plans" pursuant to CCP

§ 704.115(a)(1), and are, therefore, fully exempted from the bankruptcy estate under C.C.P. § 704.115(b).

**AFFIRMED.**