120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Herb GOETZ and Marlen Horn Associates, Inc.; HIT 388,
Inc., Debtors,
Samuel R. BIGGS, Chapter 7 Trustee, Appellant,
v.
CAPITAL FACTORS, INC., Appellee.
 No. 96-55944.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
Decided July 24, 1997.
 
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 trustee, Samuel R. Biggs, appeals the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy judge's dismissal under Federal Rule of Civil Procedure 52(c) of Biggs's complaint to avoid and recover alleged preferential transfers pursuant to 11 U.S.C. § 547. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Biggs contends that the bankruptcy court erred by concluding that the 11 U.S.C. § 547(f) insolvency presumption is insufficient as proof that creditor Capital Factors received preferential, and therefore avoidable, payments under § 547(b)(5). This contention lacks merit.
 
 
 4
 We review de novo questions of statutory construction. See DeMassa v. MacIntyre (In re MacIntyre), 74 F.3d 186, 187 (9th Cir.1996).
 
 
 5
 The trustee has the burden of proving that payments made by a debtor to a creditor during the 90 days immediately preceding the filing of bankruptcy are preferential, and therefore, avoidable transfers. See 11 U.S.C. § 547(b)(5), (g) (1993). A payment is avoidable as a preference if it improved the creditor's position as compared to other creditors of the same class in a hypothetical Chapter 7 liquidation. See 11 U.S.C. § 547(b)(5); Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938, 941 (9th Cir.1993). To determine whether a payment improved a creditor's position, the trustee must demonstrate that there were other unsecured creditors in the same class and that these unsecured creditors would receive less than one-hundred percent of their claims. See 11 U.S.C. § 547(b)(5), (g); Elliott v. Frontier Properties/LP ( In re Lewis W. Shurtleff, Inc.), 778 F.2d 1416, 1421 (9th Cir.1986).
 
 
 6
 Here, Biggs failed to present any evidence about the debtors' assets, liabilities and claims from which the bankruptcy court could construct a hypothetical Chapter 7 distribution. See 11 U.S.C. § 547(b)(5), (g). As a result, the bankruptcy court was unable to determine whether Capital Factors received more than other creditors in its class would have received under a Chapter 7 liquidation. See id.; In re LCO Enters., 12 F.3d at 941. Biggs's reliance on the presumption of insolvency to prove that the payments to Capital Factors were preferential fails to demonstrate that there were other similarly situated creditors and that they would not receive one-hundred percent of their claims. See 11 U.S.C. § 547(b)(5), (g). Thus, Biggs failed to carry his burden of proving that the payments to Capital Factors were preferential and, therefore, avoidable. See id.; In re Lewis W. Shurtleff, Inc., 778 F.2d at 1421.
 
 
 7
 Accordingly, the bankruptcy court did not err by concluding that Biggs failed to meet his burden under § 547(b)(5). See In re MacIntyre, 74 F.3d at 187.
 
 
 8
 Biggs next contends that the bankruptcy court erred by denying his post-trial request for taking judicial notice of the schedules, proofs of claim and various documents filed in each underlying bankruptcy case as proof of the amount the debtors owed to unsecured creditors. We disagree.
 
 
 9
 We review evidentiary rulings for abuse of discretion. See Lee-Benner v. Gergely (In re Gergely), 110 F.3d 1448, 1452 (9th Cir.1997).
 
 
 10
 Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed.R.Evid. 201(b); see also Fed. R. Bankr.P. 9017 (applying Federal Rules of Evidence to bankruptcy proceedings). Although a court may take judicial notice of its own records, it cannot take judicial notice of the truth of the contents of all documents found therein. See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.1983).
 
 
 11
 Here, the bankruptcy court properly denied Biggs's request for judicial notice. See In re Gergely, 110 F.3d at 1452. The facts set forth in the designated documents were not "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); see also Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. ( In re Blumer ) 95 B.R. 143, 147 (B.A.P. 9th Cir.1988) (holding that court properly refused to take judicial notice of facts set forth in deposition testimony).[1]
 
 
 12
 Accordingly, the bankruptcy court did not abuse its discretion by denying Biggs's request for judicial notice. See In re Gergely, 110 F.3d at 1452.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Moreover, we note that the bankruptcy court's pretrial order did not cover the introduction of most of the documents of which Biggs requested judicial notice. Thus, the court did not abuse its discretion by refusing to allow a post-trial amendment to its order. See In re Gergely, 110 F.3d at 1452