**In re Robert and Dianna McKOWN, Debtors.**

**Bankruptcy No. 96–91550.**
**Motion Control No. CWS–1.**

United States Bankruptcy Court,
E.D. California,
Modesto Division.

Dec. 23, 1996.

Spencer P. McGrew, Modesto, California, for Debtors.

Clifford W. Stevens, E. Neumiller & Beardslee, Stockton, California, for Chapter 7 Trustee.

## MEMORANDUM DECISION

MICHAEL S. McMANUS, Bankruptcy Judge.

The chapter 7 trustee has objected to three exemptions claimed by the debtors. This Memorandum Decision addresses the trustee's objection to the debtors' claim of exemption of an individual retirement account pursuant to California Code of Civil Procedure § 703.140(b)(10)(E). That objection will be overruled.

### I. Facts

The debtors filed their chapter 7 petition on April 22, 1996. With their petition, they also filed Schedule B which listed at item 11 "Pension Rights" with a value of $17,500. In Schedule C, the debtors claimed these pension rights exempt pursuant to California Code of Civil Procedure § 703.140(b)(10)(E). On May 29, 1996, the debtors filed amended Schedules B and C. The amendments did not make any changes to the scheduled pension rights.

On June 24, 1996, the chapter 7 trustee filed an objection to the exemption of the pension rights. The trustee's sole objection was:

> "Moving Party needs to obtain additional information from Debtor before ascertaining the viability of the exemption claim. The description of the property is inadequate to substantiate the claimed exemption."

The trustee then initiated discovery. That discovery revealed, and prompted the debtors to further amend Schedules B to disclose, that the debtors had three pension accounts: an ERISA qualified pension account in the sum of $15,050.84 established for Mr. McKown's benefit by his former employer; a tax deferred annuity in the sum of $19,177.52; and an individual retirement account (IRA) in the sum of $6,413.14. The IRA was established with $6,201 "rolled over" from a terminated employer sponsored retirement plan. The debtors also amended Schedule C to claim all three accounts as exempt under California Code of Civil Procedure § 703.140(b)(10)(E).

The trustee objected to the exemption of the IRA.[1] In the trustee's view, section 703.140(b)(10)(E) does not permit exemption of the IRA because it is not "a stock bonus, pension, profitsharing, annuity, or similar plan or contract...." Cal.Civ.Pro.Code § 703.140(b)(10)(E).

## II. DISCUSSION

The trustee has the burden of proving that the exemption has not been properly claimed. Fed.R.Bankr.P. 4003(c).

■ California has opted out of the federal exemption scheme. Cal.Civ.Pro.Code § 703.130. Therefore, this court must look to California law to determine if the debtors' IRA is exempt. California Code of Civil Procedure § 703.140(b)(10)(E) provides:

"The following exemptions may be elected [if a petition is filed under Title 11 of the United States Code]:

.     .     .     .     .

(10) The debtor's right to receive any of the following:

.     .     .     .     .

(E) A payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor...."

Section 703.140(b)(10)(E) is virtually identical to the exemption permitted by 11 U.S.C. § 522(d)(10)(E). Also, some states, like California, have opted out of the federal exemption scheme and have substituted a state analog which is identical or nearly identical to the federal exemptions permitted by section 522(d). See e.g., 14 M.R.S.A. 4422 (Maine); M.C.A. 31–2–106 (Montana).

There are no published decisions from California courts interpreting section 703.140(b)(10)(E).[2] One bankruptcy court within California, however, has ruled that IRAs cannot be exempted pursuant to section 703.140(b)(10)(E). In re Innis, 62 B.R. 659 (Bankr.S.D.Cal.1986). Courts outside of California, when considering section 522(d)(10)(E) or a state analog, are split on the issue. Some have held that an IRA may be exempted under section 522(d)(10)(E) or a state analog (see e.g., In re Bates, 176 B.R. 104, 107 (Bankr.D.Me.1994) (cases collected); In re Hickenbottom, 143 B.R. 931, 933 (Bankr.W.D.Wash.1992); In re Locke, 120 B.R. 563 (Bankr.D.Mont.1990)), while others have held to the contrary (see e.g., Clark v. O'Neill (In re Clark), 711 F.2d 21, 23 (3rd Cir.1983) (Keogh plan not exempt); In re Velis, 123 B.R. 497, 510 (D.N.J.) aff'd in part, rev'd in part, 949 F.2d 78 (3rd Cir.1991)). See generally, Andrew B. Campbell, Individual Retirement Accounts as Exempt Property in Bankruptcy, 133 A.L.R. Fed. 1 (1996). Most recently, the Fifth Circuit has ruled that IRAs are exempt under section 522(d)(10)(E). Carmichael v. Osherow (In re Carmichael), 100 F.3d 375 (5th Cir.1996).

■ An IRA comes within the scope of section 703.140(b)(10)(E) if it is "similar" to a stock bonus, pension, profit sharing, or annuity plan providing for payments to the debtor on account of age.

IRAs and stock bonus, pension, profit sharing, and annuity plans share a common denominator. They are "aimed to enable working taxpayers to accumulate assets during their productive years so that they might draw upon them during retirement." In re Bates, 176 B.R. at 107. The limitations placed upon IRAs are geared to insure they are used to provide income "during a taxpayer's advanced years, which is the purpose

---

1. The trustee's original objection did not differentiate between the debtors' three pension accounts. This was, no doubt, due to the fact that the debtors' schedules did not initially disclose three accounts. After the debtors' amended Schedules B and C to disclose the three accounts and to claim them exempt, the trustee filed a reply memorandum. His reply argued that the IRA was not exempt. If the trustee is objecting

to the other two retirement accounts, the matter should be set for further argument.

2. Of course, it is hardly a surprise that there are no decisions from California courts. Section 703.140(b)(10)(E) is applicable only in bankruptcy cases. Consequently, federal courts within California will be the courts most likely to interpret this statute.

shared by all retirement plans." *In re Chiz,* 142 B.R. 592 (Bankr.D.Mass.1992). For example, withdrawals prior to age 59½ are assessed a 10% penalty. 26 U.S.C. § 72(q). And contributions after age 70½ may not be deducted from income. 26 U.S.C. § 219(d).

Beyond sharing a common purpose with other pension and retirement plans, it is evident, as pointed out by the bankruptcy court in *Chiz,* that Congress views IRAs as similar to pension, profit sharing, and stock bonus plans.

"The section of the Internal Revenue Code which defines an IRA and spells out some its tax consequences, 26 U.S.C. § 408 (1988 & Supp.1989), is in Part I of subchapter D of the Internal Revenue Code. Part I is entitled 'PENSION, PROFIT SHARING, STOCK BONUS PLANS, ETC.' This is certainly one indication that Congress regarded an IRA to be in the same general category as other retirement plans. On a more substantive vein, an IRA enjoys many of the same tax benefits enjoyed by pension, profitsharing and stock bonus plans. Subject to certain limitations, a taxpayer's payment into an IRA is deductible. 26 U.S.C. § 219 (1988 & Supp.1989). The account earns interest tax free, 26 U.S.C. § 408(e), and payments out of it are taxed as an annuity. 26 U.S.C. § 408(d)."

*In re Chiz,* 142 B.R. at 592–593.

Some courts have not permitted the exemption of IRAs because of the degree of control debtors may exercise over such accounts. These courts have noted the IRAs are more like savings accounts than pension plans. *See e.g., In re Talbert,* 15 B.R. 536, 537 (Bankr.W.D.La.1981); *In re Mendenhall,* 4 B.R. 127, 129 (Bankr.D.Or.1980).

■ While it is true a debtor can withdraw funds deposited into an IRA, premature withdrawal, as noted above, carries a penalty. Further, there is no evidence in this case that the IRA "operated to meet debtors' short-term needs by lending money or shielding funds from creditors" rather than being principally used for retirement purposes. *In re Daniel,* 771 F.2d 1352, 1358 (9th Cir.1985), *cert. denied* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). *See also In re Bloom,* 839 F.2d 1376 (9th Cir.1988).[3] If there were evidence of such misuse of the IRA, *Daniel* makes clear that an objection to the exemption would be appropriate. *See also, In re Bates,* 176 B.R. at 108, n. 6.

■ The trustee also argues that because the debtors do not yet have the unpenalized right to receive payments from their IRA, they may not take advantage of the exemption. Section 703.140(b)(10)(E), however, permits the exemption of a "right to receive" payments from a plan. The statute does not specify a "present," "immediate," "existing," or "vested" right to receive payments. It specifies only a "right to receive" a payment on account of age. This looks forward into the future of the debtor. *In re Bates,* 176 B.R. at 109. The right to receive payments from the IRA may be a present one or one which arises in the future.

Any other interpretation would, in the words of the bankruptcy court in *Bates,* be "downright strange." *Id.* If the exemption were limited to those debtors with an immediate right to receive benefits from a IRA, then "[t]he debtor who filed for relief at, say, age 59 would have no resort to the exemption, although one who waited until age 59½ would be fully entitled to it...." *Id.*

The bankruptcy court in *Innis* also focused on the language in section 703.140(b)(10)(E) which permits the exemption of "payments." The bankruptcy court held that the right to receive a payment from an IRA, but not the corpus in the IRA, could be exempted under section 703.140(b)(10)(E). *In re Innis,* 62 B.R. at 660. Since there can be no payments without the corpus, this interpretation hardly

---

3. And, as *Daniel* and *Bloom* both illustrate, pension plans and profit sharing plans are just as susceptible to misuse as IRAs. The fact that they *might* be used for an improper purpose is not enough to nullify their exemption. There must be evidence that they are actually being misused. The rule should be no different for IRAs. Also, *Daniel* which dealt with an ERISA qualified pension plan, was decided prior to *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In *Barkley v. Conner (In re Conner),* 73 F.3d 258 (9th Cir.1996), the Ninth Circuit acknowledged that in *Shumate,* "the Supreme Court appears to have discounted any distinctions based on the debtors' control of their assets." *Id.* at 260.

seems consistent with the requirement that exemptions be construed liberally in favor of the debtor. *American Honda Fin. Corp. v. Cilek (In re Cilek),* 115 B.R. 974, 989 (Bankr. W.D.Wis.1990). If the court in *Innis* was holding that the exemption could be disallowed and the corpus taken if the debtor had no present and immediate right to unpenalized payments from the IRA, that interpretation, as noted above, reads words into the statute that the California Legislature did not write.

Section 703.140(b)(10)(E) also requires that the IRA be "reasonably necessary for the support of the debtor and any dependent of the debtor." The trustee has not, however, made any claim that the IRA is not necessary to the support of the debtors.

### III. Conclusion

The debtors may claim as exempt their IRA pursuant to California Code of Civil Procedure § 703.140(b)(10)(E). An IRA, which is used to provide income for a debtor's retirement, is sufficiently similar to a pension or profit sharing plan to warrant its exemption under section 703.140(b)(10)(E). There is no indication in this case that the debtors have misused their IRA as short-term savings account or as a device to conceal money from their creditors.

The trustee's objection will be overruled.