**In re Gail Emmilene METZ, dba Gems, Once Upon A Time, Debtor.**

**Jere E. McDONALD, Appellant,**

**v.**

**Gail Emmilene METZ, Appellee.**

BAP No. CC–97–1759–SJB.
Bankruptcy No. LA 96–46946 AA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 17, 1998.

Decided Aug. 19, 1998.

D. Edward Hays, Rus, Miliband, Williams & Smith, Irvine, CA, for appellant.

Leonard M. Sklar, Los Angeles, CA, for appellee.

Before: SNYDER,[1] JONES, and BRANDT, Bankruptcy Judges.

1. Honorable Paul B. Snyder, Bankruptcy Judge for the Western District of Washington, sitting by designation.

## OPINION

SNYDER, Bankruptcy Judge.

### I

Jere E. McDonald (McDonald) appeals the bankruptcy court's decision denying his objection to an exemption claimed by Gail E. Metz (Debtor) in the Metz Construction, Inc. retirement plan.

### II

### FACTS [2]

Debtor married Robert S. Metz on or about January 6, 1976. That same year, she formed Gail Mills Construction Co., Inc. She was the responsible managing officer of that corporation and held a contractor's license. Gail Mills Construction Co., Inc. was renamed RSM Development, Inc. on February 4, 1980. After February 4, 1980, the Debtor was no longer an employee, although she remained involved in the management of the corporation along with her then spouse, Robert S. Metz.

RSM Development, Inc. adopted a "Defined Benefit Plan" with an effective date of July 1, 1981. In 1988, the "Defined Benefit Plan" merged into the Metz Construction, Inc. Profit Sharing Pension Plan (Plan). The Plan contained an asset anti-alienation provision in paragraph 9.3.

Robert S. Metz and the Debtor entered into a "Marital Settlement Agreement." The California State Superior Court (State court) incorporated many of the terms of the Marital Settlement Agreement into its judgment of dissolution entered without contest on July 1, 1986.

In the judgment of dissolution the State court awarded the Debtor "[a]n undivided one-half interest [in] the parties' 'community property interest' in the Metz Construction, Inc., or its predecessor, RSM Development, Inc. Pension Plan." The State court also awarded the Debtor "[o]ne half of all outstanding shares of stock in that certain cor-

2. Unless otherwise indicated, all references to "chapter" or "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

poration known as Metz Construction, Inc., or in its predecessor in interest, RSM Development, Inc." The State court retained jurisdiction in order to insure proper distribution and division of the Plan proceeds.

On November 6, 1996, the Debtor, doing business as Gems, Once Upon a Time, filed a Chapter 7 petition for bankruptcy. The Debtor claimed her interest in the Plan was exempt and estimated its value at $370,000.

The Debtor's former accountant, McDonald, a creditor, filed an objection to the claimed exemption in the Plan. McDonald argued, in part, that the Plan was not qualified by the Internal Revenue Service (IRS) and that the Debtor's right to receive payments under the Plan, was only a property right arising out of her community property interest, which was not exempt under Cal. Civ.Pro.Code § 703.140(b)(10)(E). Further, McDonald initially argued that even if exempt under this California statute, the amount claimed as exempt exceeded the amount necessary for her needs and support.

The Debtor filed a response, stating that her interest in the Plan was not part of the bankruptcy estate under 11 U.S.C. § 541(c)(2) and exempt under ERISA. Additionally, the Debtor argued that if the Plan was property of the estate, as not being ERISA qualified, her interest was exempt under Cal.Civ.Pro.Code § 703.140(b)(10)(E).

In its oral ruling on October 1, 1997, the bankruptcy court stated, "I find that the plan is not part of the estate. Even if it were, I believe there hasn't been any evidence to show it would not be necessary for the Debtor's support." On October 14, 1997, the bankruptcy court filed an order denying McDonald's objection to the exemption.

The bankruptcy court also denied McDonald's motion for reconsideration and found that the Debtor's interest in the Plan was both excluded from property of the estate under 11 U.S.C. § 541(c)(2), and exempt under Cal.Civ.Proc.Code § 703.140(b)(10)(E).

On appeal, McDonald argues that the Debtor's interest in the Plan should not be excluded from property of the estate under 11 U.S.C. § 541(c)(2) as the Plan was not ERISA qualified because it had no employ-

ees. McDonald also argues that the Debtor's interest in the Plan is not exempt under Cal.Civ.Proc.Code § 703.140(b)(10)(E), as a payment on account of illness, disability, death, age or length of service.

## III

### ISSUES

A. Is the Debtor's interest in the Plan excluded from the property of the estate pursuant to 11 U.S.C. § 541(c)(2)?

B. If not, is the Debtor's interest in the Plan exempt under Cal.Civ.Proc.Code § 703.140(b)(10)(E)?

## IV

### STANDARD OF REVIEW

A court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are subject to de novo review. *In re Park–Helena Corp.*, 63 F.3d 877, 880 (9th Cir.1995) (citing *In re United States Trustee*, 32 F.3d 1370, 1372 (9th Cir. 1994)). Review under the clearly erroneous standard is "significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Granite State Ins. Co. v. Smart Modular Tech., Inc.*, 76 F.3d 1023, 1028 (9th Cir.1996) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993)).

## V

### DISCUSSION

A. Is the Debtor's interest in the Plan excluded from the property of the estate pursuant to 11 U.S.C. § 541(c)(2)?

McDonald first contends that the Debtor's interest in the Plan is not excluded from the property of the estate because it is not ERISA qualified. McDonald's position is that the Plan cannot be ERISA qualified unless it contains at least one employee participant. McDonald claims that the Plan had no employee participants because the Debtor's former spouse, Robert S. Metz, the own-

er of Metz Construction, Inc., was the only Plan participant. A Plan that covers only the owner of a business is not subject to ERISA and the Plan cannot therefore be excluded from property of the bankruptcy estate. McDonald further asserts that the Debtor is not a participant because her interest is derivative of her former spouse's interest through the judgment of dissolution.

The Debtor counters that the Plan became ERISA qualified upon entry of the judgment of dissolution on July 1, 1986, because on that date she was no longer the spouse of an owner, but became a participant in her own right.

■ Section 541(c)(2) of the Bankruptcy Code excludes from the property of the estate any property that is held in trust and subject to a restriction on transfer under applicable nonbankruptcy law. *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992) "This language keeps out of the estate . . . property in which the debtor owns the trust's beneficial interest, but subject to a spendthrift clause or some equivalent that prevents the debtor from converting a stream of future payments into a capital sum for current consumption." *In re Baker*, 114 F.3d 636, 638 (7th Cir.1997).

■ To be ERISA qualified, a trust must provide retirement income or deferred compensation to "employees." 29 U.S.C. § 1002(2)(A)(i); [3] 29 C.F.R. § 2510.3–3(a),

(b).[4] The ERISA statute defines an employee as "any individual employed by an employer." 29 U.S.C. § 1002(6). The United States Department of Labor (Department of Labor) has issued a regulation clarifying that a corporation's sole owner and the sole owner's spouse are not to be considered "employees." 29 C.F.R. § 2510.3–3(c)(1).[5] *E.g., In re Witwer*, 148 B.R. 930, 936 (Bankr.C.D.Cal. 1992), *aff'd*, 163 B.R. 614 (9th Cir. BAP 1994). *See also Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 959–63 (1st Cir.1989) (same for sole shareholder of corporation); *Harper v. American Chambers Life Ins. Co.*, 898 F.2d 1432, 1434 (9th Cir.1990) (same for partners in partnership).

During the Debtor's marriage, she and Robert S. Metz were the sole owners of Metz Construction, Inc. Thus, neither could be employees under the Department of Labor regulation 29 C.F.R. § 2510.3–3(c)(1). It follows that during their marriage, the Plan was not ERISA qualified.

The Debtor argued that the Plan became ERISA qualified when the State court entered a judgment of dissolution because her interest was no longer derivative of her former spouse. She became an independent participant. However, there is no indication in the record or case law supporting the proposition that the Debtor would automatically became a participant in the Plan under those circumstances.[6]

3. 29 U.S.C. § 1002(2)(A)(i) provides:
   Except as provided in subparagraph (B), the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—
   (i) provides retirement income to employees[.]

4. 29 C.F.R. § 2510.3–3 provides:
   Employee benefit plan.
   (a) General. This section clarifies the definition in section 3(3) of the term "employee benefit plan" for purposes of Title I of the Act and this chapter. It states a general principle which can be applied to a large class of plans to determine whether they constitute employee benefit plans within the meaning of section 3(3) of the Act. Under section 4(a) of the Act,

only employee benefit plans within the meaning of section 3(3) are subject to Title I.
   (b) Plans without employees. For purposes of Title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section. . . .

5. 29 C.F.R. § 2510.3–3(c)(1) provides:
   (c) Employees. For purposes of this section:
   (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse[.]

6. The judgment of dissolution never refers to the Debtor as being a "participant." Moreover, the

■ The Panel concludes that the Plan became ERISA qualified upon the Debtor's dissolution, but not because the Debtor became an independent Plan participant. Instead, the record indicates that the Plan became ERISA qualified because the Debtor's former spouse, Robert S. Metz, thereafter became an employee within the Department of Labor definition.

In the Seventh Circuit case of *Baker*, the debtor and his family operated Bakco Data, Inc. (company), which had a profit-sharing pension plan. *Baker*, 114 F.3d at 637. When the company encountered financial difficulties, the debtor filed for bankruptcy protection. The debtor's largest creditor, LaSalle Bank, asked the bankruptcy court to include the debtor's interest in the retirement plan in his bankruptcy estate. *Baker*, 114 F.3d at 638. LaSalle Bank argued that a retirement plan can be an employee pension benefit plan only if it provides retirement income to employees and the debtor was an employer, not an employee because he owned the majority of the company's stock. *Baker*, 114 F.3d at 639. The Seventh Circuit disagreed.

The Seventh Circuit held that the company and the debtor were separate entities. The company was the employer and the debtor was the employee. *Baker*, 114 F.3d at 639. The Seventh Circuit stated, "[a]lthough the Department of Labor has issued a regulation stating that a corporation's sole owner is not an "employee" for the purpose of activating Subchapter I of ERISA, *see* 29 C.F.R. § 2510.3–3(c)(1), Baker was not Bakco's sole equity investor; he owned but 50.9 percent of its stock." *Baker*, 114 F.3d at 639.

This case is similar. Here, Metz Construction, Inc. is a corporation. Robert S. Metz was not the sole owner after the July 1, 1986, dissolution from the Debtor. The record instead indicates that the Debtor and her former spouse became co-owners when the State court awarded half of the shares of stock in Metz Construction, Inc. to the Debt-

or. There is nothing in the record to suggest that Robert S. Metz has reacquired the Debtor's shares. Metz Construction, Inc. and Robert S. Metz are distinct entities. Since Robert S. Metz is not the sole owner, he is an employee under the holding of *Baker*. Since he is an employee, the Plan has one employee participant. Accordingly, the Plan is ERISA qualified.

■ If the Plan was not ERISA qualified, the Debtor's interest in the Plan would still not become property of the estate. Under 11 U.S.C. § 541(c)(2), property is excluded from the estate if it contains an anti-alienation provision enforceable under state law. *In re Moses*, 215 B.R. 27, 35 (9th Cir. BAP 1997). *See also Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 264 (9th Cir.1991) (if a plan is not covered by ERISA, then state law controls). California State law exempts private retirement plans. Cal.Civ.Proc.Code § 704.115(b). Private retirement plans include profit-sharing plans designed and used for retirement purposes. Cal.Civ.Proc.Code § 704.115(a)(2).

McDonald argues that this issue was not presented below and thus cannot be argued on appeal. This contention lacks merit. During oral argument before the bankruptcy court, the Debtor's attorney stated that

the history of the 704.115 reveals that [ERISA] qualification is not the sole basis for exemption under California law. There are two other ways that there can be an exemption as set forth in *In re [Witwer]*.

Under ... U.S.Code 541[ (c) ](2), an anti-alienation provision of spend thrift as created under state law is enforceable to exclude the trust office from the bankruptcy estate. California state law recognizes a general validity of spend thrift trust. We have that. So we have a way, and that is excludable from the case just by virtue of being a spend thrift trust.

---

record contains a letter from the Plan's actuary, Peter D. Austin, to Robert Metz that states, "Gail Metz did not earn a benefit as a participant in the Profit Sharing Plan. I will calculate what part of your benefit Gail is owed as your wife." Nor do Austin's fiduciary reports list the Debtor

as a participant. The Plan's 1995 tax return was filed as an "Annual Return of One–Participant (Owners and Their Spouses) Retirement Plan ." Most significantly, the Debtor concedes that she is an alternate-payee, not a participant.

California state law recognizes spendthrift trusts. *Moses*, 215 B.R. at 35. The "self-settled" prohibition of being the settlor and the beneficiary does not apply to pension plans. *Moses*, 215 B.R. at 36. The record indicates that there is nothing that would establish that the Debtor in this case had such dominion and control so as to invalidate the spendthrift provision. The Debtor did not administer the Plan and did not make withdrawals, or borrow from the Plan after her dissolution. Presumably she could not terminate the Plan without her former spouse's and the State court's consent, which retained jurisdiction. The ability to make a withdrawal, without more, is not sufficient to destroy its spendthrift character. *John Hancock Mut. Life Ins. Co. v. Watson (In re Kincaid)*, 917 F.2d 1162, 1168 (9th Cir.1990). Accordingly, the Debtor's degree of control is not so great as to void the anti-alienation provision of the Plan and make it non-enforceable under state spendthrift trust law.

**B. Is the Debtor's interest in the Plan exempt under Cal.Civ.Proc.Code § 703.140(b)?**

The Debtor was entitled to claim her interest in the Plan as exempt under Cal.Civ.Proc. Code § 703.140(b)(10)(E). That statute, in part, allows debtors to exempt interests in retirement accounts. It provides,

(a) In a case under Title 11 of the United States Code, all of the exemptions provided by this chapter including the homestead exemption, other than the provisions of subdivision (b) are applicable regardless of whether there is a money judgment against the debtor or whether a money judgment is being enforced by execution sale or any other procedure, but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter, . . .

. . . .

(b) The following exemptions may be elected as provided in subdivision (a):

. . . .

(10) The debtor's right to receive any of the following:

. . . .

(E) A payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, . . . .

Cal.Civ.Proc.Code § 703.140. Section 9.17 "PAYMENT OF BENEFITS" under the Plan states that "[b]enefits under this Plan shall be paid, subject to Section 6.10 and Section 6.11 only upon death, Total and Permanent Disability, normal or early retirement, termination of employment, or upon Plan Termination." This provision makes benefits payable on account of disability, age, termination of employment or plan termination.

McDonald posits that the Debtor does not have an interest in the Plan because the payments she will receive are not payments on account of age or disability. According to McDonald, the Debtor's interest in the Plan is nothing more than a divorce settlement which does not constitute a retirement account. To support his contention he relies on *In re Wilbur*, 126 F.3d 1218 (9th Cir.1997).

In *Wilbur*, the Court of Appeals for the Ninth Circuit was asked to decide whether the bankruptcy court erred when it determined that the debtor's judgment representing her contribution to her and her former domestic partner's retirement account was a qualified exemption under Or.Rev.Stat. § 23.170. *Wilbur*, 126 F.3d at 1218. That Oregon statute exempts from execution any beneficiary's interest in a retirement plan. Or.Rev.St. § 23.170. Further, it defines a retirement plan as a pension granted to any person in recognition or by reason of a period of employment. Or.Rev.Stat. § 23.170(1). The Ninth Circuit held that the debtor's interest in the assets accumulated during her relationship with her domestic partner was not an interest in a retirement plan because it was not an interest in a right to future payments in recognition of her employment. It was a judgment in a fixed amount to be paid in $3,000 installments. *Wilbur*, 126 F.3d at 1220.

Unlike the debtor in *Wilbur*, the Debtor in this case does not have a judgment in a specific amount. Instead, the State court ordered an equal division of the Plan and of

the sponsoring corporation, Metz Construction, Inc., with the Debtor being responsible for payment of half of the total obligations owing to the Plan. The State court also retained jurisdiction over the Plan. The Plan designated the Debtor as an alternate payee. Since her former spouse's rights to payment were on account of age and employment, it follows that her rights to payment were similar.

■ McDonald argues that the Plan does not qualify as a retirement plan because the Debtor can exercise excessive control over the trust corpus. However, "[t]he dispositive inquiry under the California statute is whether the plan was designed and used for retirement purposes." *Schwartzman v. Wilshinsky,* 50 Cal.App.4th 619, 628, 57 Cal.Rptr.2d 790, 796 (1996).

In *Schwartzman,* the court was called upon to determine whether a 401(k) plan was exempt from the claims of the debtor's creditors. A creditor argued that the plan was not designed for or used for retirement purposes because the evidence showed that the debtor maintained a high degree of control over the account. *Schwartzman,* 57 Cal. Rptr.2d at 796. The court noted that the debtor had taken no loans or disbursements, the debtor did not contribute more than he was entitled, and he had no part in administering the plan. *Schwartzman,* 57 Cal. Rptr.2d at 797. The court opined that the "kind of control which would show a non-retirement purpose would be substantially all control over contributions, management, administration, and use of funds, and there is no such evidence here." *Schwartzman,* 57 Cal.Rptr.2d at 797.

An individual retirement account (IRA) is similar to a pension and profit sharing plan. *In re Chiz,* 142 B.R. 592, 592–93 (Bankr. D.Mass.1992). In *Rawlinson v. Kendall, (In re Rawlinson),* 209 B.R. 501 (9th Cir. BAP 1997), the court held that an IRA was exempt even though the debtor could withdraw funds at will. The court stated that the rule of *ejusdem generis* requires inclusion of IRAs as exemptions within the meaning of Cal.Civ.Proc.Code § 703.140(b)(10)(E). *Rawlinson,* 209 B.R. at 507.

In *In re McKown,* 203 B.R. 722 (Bankr. E.D.Cal.1996), the court held that IRAs come within the scope of Cal.Civ.Proc.Code § 703.140(b)(10)(E) because they are " 'aimed to enable working taxpayers to accumulate assets during their productive years so that they might draw upon them during retirement.' " *McKown,* 203 B.R. at 724 (quoting *In re Bates,* 176 B.R. 104, 107 (Bankr.D.Me. 1994)). The court said, "[w]hile it is true a debtor can withdraw funds deposited into an IRA, premature withdrawal ... carries a penalty." *McKown,* 203 B.R. at 725.

■ In the foregoing cases, the courts examined whether the retirement plans were actually used to save for retirement or whether they were shams to hide assets from the creditors and used by the debtors for immediate cash needs. Here the record indicates that the Plan is to be used to provide for the Debtor's and her former spouse's retirements. There is no evidence that it was used to shield assets from their creditors or to supply either of their immediate cash needs. The record indicates that the Plan was intended to be a private retirement plan within the meaning of Cal.Civ.Proc.Code § 704.115. The Plan has maintained its IRS qualification. Moreover, the record shows that the Debtor and Robert S. Metz have consistently treated the Plan as a qualified retirement plan. They have not withdrawn money from the Plan since their dissolution. The Debtor has not attempted to obtain an order allowing her to obtain her portion of the Plan corpus. Further, it has not been established by a preponderance of the evidence that the Plan has not complied with reporting requirements applicable to a qualified plan. As McDonald conceded that the Plan was necessary for the Debtor's support, the bankruptcy court properly held that the Debtor's interest in the Plan could be claimed as an exemption under Cal.Civ.Pro. Code § 703.140(b)(10)(E).

## VI

## CONCLUSION

The bankruptcy court's order concluding that the Plan was not property of the estate and is exempt is AFFIRMED.